## Jacob H. White
*v.*
## Levi M. Clayes.

| 32 | 325 |
|----|-----|
| 29a | 475 |
| 32 | 325 |
| 68a | 420 |

1. PLEADING — *a plea need not traverse all the material allegations in the count.* If a plea traverses any one of several material allegations in a count, the plea is good.

2. SAME — *in what a sufficient traverse consists.* In a suit by an assignee against the assignor of a promissory note, it was alleged in the count that the maker of the note was insolvent when it fell due, and continued so until this suit was instituted, and that a suit against the maker would have been unavailing. In a plea to this count, it was averred that the maker was solvent at the maturity of the note, but it was not alleged that he continued so until suit against him could have been made availing. For this omission, it was *held,* the averment in the plea was not sufficiently broad to traverse the allegation in the count.

3. ASSIGNOR — ASSIGNEE — *in case a suit against the maker would be unavailing.* Where an assignee seeks a recovery against the assignor, upon the ground that a suit against the maker of the note would have been unavailing, the fact that the maker was solvent at the maturity of the note will not affect the liability of the assignor, unless it appear that such solvency continued until a suit against the maker could have been made availing.

4. It cannot be said a suit against the maker would be unavailing, if even a portion of the debt could be made by the employment of proper diligence. If a sum could not be realized by such suit, beyond the expense, then it would not be necessary. But if such portion of the debt could be made, as to be useful and advantageous, although not sufficient to pay the entire debt, the suit would not be unavailing.

5. Should an assignee rely upon the use of diligence against the maker, by which he had been enabled to make only a part of the debt, he could only recover from his assignor the balance remaining unpaid.

6. So if he seek to recover upon the other ground, that a suit against the maker would have been unavailing, and it appear that by the use of proper diligence against the maker, a portion of the debt could have been realized, he may recover against his assignor in such action, the residue of the debt which could not have been made by suit against the maker, but only to that extent.

7. NEW TRIAL — *verdict contrary to the evidence.* A new trial will not be granted upon the ground that the verdict was contrary to the evidence, although the testimony was conflicting, and not of the most conclusive character, unless it appears that there was a want of evidence to support the verdict.

APPEAL from the Circuit Court of Will county; the Hon. S. W. HARRIS, Judge, presiding.

On the 10th day of November, 1858, Julius Ziegfeld executed and delivered to Peter Folkers, his promissory note for the sum of two hundred dollars, payable on the 10th day of November, 1860, with interest at ten per cent. per annum.

Folkers, the payee of the note, assigned the same by indorsement in blank, to Jacob H. White, and White subsequently indorsed the note, in the same manner, to Levi M. Clayes.

The note having matured, and remaining unpaid, Clayes, the holder, on the 15th day of February, 1861, commenced an action of assumpsit in the court below, against White, his immediate assignor, seeking thereby to hold him liable upon his indorsement.

The declaration contained a special count, alleging as the ground upon which a recovery was sought against the assignor, and as an excuse for not using diligence against the maker, that the latter was insolvent at the time of the maturity of the note, and continued so until the commencement of this suit, and that the institution and prosecution of a suit against him to make the sum of money in the said note specified, or any part thereof, would have been unavailing.

To this were added the common counts. The defendant pleaded: *First*, the general issue; *Second*, that a suit against the maker would have been availing, and would have enabled the plaintiff to collect the note, sued upon, from the maker, and concluded to the contrary.

Issues were joined upon these pleas. The *third* plea was as follows:

" And for a further plea in this behalf, the said defendant as to said first count of said plaintiff's declaration says, that the said plaintiff *actio non*, because he says that when said promissory note in said first count specified became due and payable, Julius Ziegfeld, the maker of said promissory note, in said count named, was solvent and had property liable to levy and sale on execution to pay the same, but said plaintiff failed and neglected to institute suit against said Ziegfeld for the collection of said

note, and this the said defendant is ready to verify, wherefore, &c., he prays judgment, &c."

To this plea a demurrer was interposed, and sustained by the court below; and the defendant abiding by his plea, the cause came on for trial by a jury, upon the issues joined upon the first and second pleas.

Testimony was introduced relating to the question, whether a suit against the maker could have been made availing, but it was of a conflicting character. The evidence being closed, the court below gave to the jury, on behalf of the plaintiff, among others, the following instructions:

2. "If the jury believe, from the evidence, that at any time after the 10th day of November, 1860, the institution of a suit by the plaintiff, in this suit against Julius Ziegfeld, the maker of said note, would have been unavailing to collect the full amount of said note, then they will find for the plaintiff."

3. "That if the jury believe from the evidence that Clayes, the plaintiff in this suit could not have collected the amount of the said note of Ziegfeld the maker of the note, at any time after the said note became due from the 10th day of November, 1860, until the suit was commenced, then the plaintiff is entitled to recover."

4. "The plaintiff was not obliged to prosecute the maker of the note to judgment before he can recover against the indorser of the note, if the jury believe, from the evidence, that the institution of a suit against the maker of the note at any time from the 10th day of November, 1860, until the commencement of this suit would have been unavailing to collect the full amount of said note, then the law is for the plaintiff, and he is entitled to recover."

The court also gave instruction numbered *one*, on behalf of the defendant, as follows:

1. "The parties to this suit are bound by the issue they themselves place upon the record," with this modification added by the court:

"The jury are instructed that the allegations in the plaintiff's declaration that no part of the note could have been

collected against the maker, is an allegation which the plaintiff is not bound to prove; that such allegation presents an immaterial issue, and the same can be rejected as surplusage."

The jury returned a verdict for the plaintiff for the entire amount of the note and interest. A motion for a new trial was refused, and a judgment rendered upon the verdict. The defendant thereupon took this appeal, and now alleges that the Circuit Court erred: *First,* In sustaining the plaintiff's demurrer to his third plea; *Second,* In giving improper instructions on behalf of the plaintiff, and in adding an improper modification to the defendant's first instruction; and, *Third,* in refusing a new trial.

Messrs. Osgood & House, for the appellant.

Mr. R. E. Barber, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

The third plea to the first count of plaintiff's declaration was held bad on demurrer. It averred that when the note fell due the maker was solvent, but plaintiff had failed to institute a suit for its collection. This plea does not answer or traverse all of the material allegations of the count, and does not, therefore, amount to the general issue. It was no doubt intended for a special traverse of a material allegation of the count, and if it traverses such an allegation it would be a good plea. The allegation in the count was, that the maker of the note was insolvent when the note fell due, and continued so until this suit was instituted, and a suit on the note would have been unavailing. The plea only avers that he was solvent at the maturity of the note, and does not allege that he continued so until a suit could have been made availing. The averment of the plea is not sufficiently broad to traverse this allegation. It could make no difference if the maker was solvent at the maturity of the note, if he did not continue so until a suit could have been made availing. The right of recovery is based upon the averment that a suit against the maker would have been unavailing, and the maker may have been solvent

on the day the note fell due, and he may have become insolvent before a recovery could have been had.

It is insisted that the evidence fails to sustain the verdict, and that the court below erred in overruling the motion for a new trial. The evidence appears to have been somewhat conflicting, and not of the most conclusive character. It was the province of the jury to weigh and give to it all the consideration to which it was entitled. And their opportunity for estimating its true character was superior to ours, and we do not feel inclined to interfere unless there was a want of evidence to support the verdict. We are not prepared to say that it is not supported by the evidence.

Exception is taken to the instruction given by the court, that if the institution of a suit would have been unavailing to collect the entire debt, then the plaintiff had the right to recover. This was announced in several of plaintiff's instructions. And the same rule is announced in a modification to defendant's first instruction, when the jury are informed, that the allegation in plaintiff's declaration, that no part of the note could have been collected of the maker, need not be proved, as it presented an immaterial issue, which might be rejected as surplusage. These instructions present the question, whether, under our statute, a suit is unavailing, which would result in the collection only of a part of the note.

When it appears that the maker had no property liable to execution, it is manifest that a suit would be unavailing. But when it appears that a large portion of the note could have been realized by suit, can it be said that a suit would have been unavailing? It is true that it would be unavailing as to the full amount of the note, but it would not be wholly unavailing; it would at least be availing in part. The statute provides for due diligence by suit, but in the proviso, authorizes a recovery against the assignor, in case the institution of such suit would have been unavailing. The word "unavailing" evidently means without use, profit, or advantage. This is the popular meaning of the word, and it seems to have been employed in that sense. It would, therefore, seem to follow,

42

that the true inquiry should be, whether the institution of a suit would have been of use or advantage. Not whether it would have been of the very highest use or advantage. If a sum could not have been realized beyond the expense, then it would not be necessary, as the law never requires the performance of an useless act. But if it appears that a portion of the note could have been made to be useful and advantageous, although not a sufficient sum to pay the entire debt, the suit would not have been unavailing.

If the assignee had relied upon diligence by suit, and a portion only of the note had been collected, it is manifest that he could only recover the balance remaining unpaid. When the note has been assigned and delivered to the holder, he thereby becomes its owner, and has the sole power of controlling it so long as he remains the owner. During that time the assignor is powerless to institute any proceedings to subject the property of the maker to the payment of any portion of the note. If the assignee will not sue, the portion that might be realized, would be liable to be lost. When it is remembered that the law requires of the assignee a high degree of diligence before he can resort to the assignor to pay the note, it is reasonable to require the assignee to avail himself of every means which the ordinary process of the law affords to make the money, or any portion of it that would be advantageous to himself or the assignor.

If only a portion of the note could have been made by a resort to legal proceedings, and the assignee fails to use them for the purpose, he, and not the assignor, should sustain the loss. But as he would have the right to recover any balance which could not be collected after resorting to legal proceedings, so, he should be permitted to recover the portion of the debt beyond what he might have made had he instituted a suit. This is reasonable, fair and every way just, and seems to be the spirit of the statute. In so far as the instructions conflict with these views the court erred in giving them, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*