<hr />

JOSHUA J. MOORE

*v.*

GEORGE TITMAN.

1. MORTGAGE — *relation of parties to each other — and as to strangers.* A mortgage, as between the parties to it, is considered simply as a security for a debt, but, as between the mortgagee and a third person, the former is regarded as the owner of the freehold.

2. SAME — *rights of the parties — rents and profits.* A mortgagee, for condition broken, may enter upon the mortgaged premises and appropriate the rents and profits arising therefrom to the benefit of his security. But a mortgagor in possession is not required to account for the rents and profits to the mortgagee, during his possession.

3. SAME — *payment of taxes by mortgagee — cannot affect the rights of mortgagor.* A mortgagee cannot affect the rights of the mortgagor by purchasing the mortgaged premises at a sale for delinquent taxes; nor will he be permitted to set up as a bar to redemption the payment of taxes and possession acquired prior to a foreclosure; nor will payment of taxes and seven years' possession by him, their relations not being adverse, create the bar of the statute.

4. SAME — *rights of parties — mortgagee in possession.* A mortgagee in possession is bound to pay the taxes, and will be allowed for all necessary expenses incurred to preserve the property and protect the mortgagor's title, to be paid out of the rents and profits arising therefrom.

5. SAME — *mortgagee of a lease, renewal by — inures to the benefit of the mortgagor.* Where a mortgagee of a lease obtains a renewal, such renewal inures to the benefit of the mortgagor, he paying the mortgagee's charges whether such lease expired before renewal or not.

6. SAME — *sale under by mortgagee and purchase by, will not bar redemption.* A mortgagee or a trustee is prevented from purchasing at his sale of the premises under a power contained in the deed, so as to bar the equity of redemption.

7. SAME — *relation of the parties.* Although the relation of trustee and *cestui que trust* may not be created by the mortgage as between the parties, yet they are not on the same footing as to each other as a stranger to the estate ; and many acts, which a third person might perform, and thereby acquire an interest in the premises, would not, if performed by a mortgagee, give him any new rights as against the mortgagor, but would inure to the benefit of the estate.

8. SAME — *of the purchase by the mortgagee of an outstanding title — by consent of the mortgagor.* Where a mortgagee, by an agreement with the mortgagor, purchased an outstanding prior incumbrance against the premises, after foreclosure, and before the right of redemption by the mortgagor had expired, and with the understanding, that such title, like his own, should be subject to redemption, — *held,* that, under such agreement, the mortgagor had a clear right of redemption from the outstanding title, which a court of equity would enforce.

9. SAME — *such agreement not within the statute of frauds.* Such an agreement is not within the statute of frauds, the relation of the parties being that of mortgagor and mortgagee, and the purchase having been made by the consent of the mortgagor, and for the benefit of the estate.

APPEAL from the Circuit Court of Peoria county; the Hon. MARION WILLIAMSON, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. E. N. POWELL, for the appellant.

Messrs. MILLER, VAN ARMAN & LEWIS and Mr. D. McCULLOCH, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

. This was, originally, a bill in chancery to foreclose a mortgage, brought by Titman against Moore, to the September Term, 1860, of the Circuit Court of Fulton county. The

venue was subsequently changed to Peoria county. On a trial of the cause a decree of sale was pronounced at the May Term, 1861, and a sale was made by the master on the 12th day of July following, at which Titman became the purchaser. But, before the mortgage on which this decree and sale were had was given, one Joseph C. Hoagland had recovered a judgment against Moore in the Circuit Court of the United States, which was a prior lien on the mortgaged premises; and on the 4th day of February, 1861, the marshal made a deed to the assignee of the purchaser under the Hoagland judgment. On the 6th of June, 1862, Titman purchased this Hoagland title and received a deed therefor. Moore subsequently prosecuted a writ of error to reverse the decree of foreclosure therein, and, at the April Term, 1864, of this court it was reversed and the cause remanded. The case was subsequently redocketed in the Circuit Court, and at the April Term, 1865, complainant, Titman, filed an amended bill. At the June Term, 1865, Moore filed a cross-bill, claiming that the Hoagland title was purchased by Titman under an agreement with Moore that it should be conveyed to him upon his refunding the purchase money and interest, and that the time for redeeming from the sale under Titman's decree should be indefinitely extended.

The bill further claims that Moore was to have, by the agreement, such reasonable time as he might desire for the payment of the money. Titman answered the cross-bill, denying the making of the agreement and setting up the statute of frauds.

It further appears that in the spring of 1863, Titman recovered possession of the land by an action of forcible detainer, and has ever since held the possession. A hearing was had on the original and supplemental bills of Titman, the cross-bill of Moore, the answers, replications and proofs, and the court rendered a decree dismissing the cross-bill, and declaring Titman entitled to the possession, rents and profits under the Hoagland title. Moore brings the record to this court and assigns various errors.

The relation which a mortgagor and mortgagee bear to each other partakes in some respects of several other estates, but in

many particulars differs from every other character of title. As now considered, it is, as between the parties, a security for a debt, but, as between the mortgagee and a stranger, the former is regarded as the owner of the freehold. And, after the condition is broken, the mortgagee may enter and render his security productive by the perception of the rents and profits. But, like the owner of the freehold, the mortgagor is not required to account to the mortgagee for rents and profits while he remains in possession.

Like a trustee, a mortgagee cannot affect the rights of the mortgagor by purchasing the property at a sale for delinquent taxes accruing upon the premises. *Chickering* v. *Failes*, 26 Ill. 507. In that case it was also held, that the mortgagee, before a foreclosure, by paying the taxes and acquiring possession, could not set it up as a bar to a redemption. Nor could seven years' possession and payment of taxes create the bar of the statute.

The mortgagee in possession would be allowed for necessary repairs of the property and would be bound to pay the taxes. He is, in such a case, like a trustee, entitled to be allowed for necessary expenditures to preserve the property, to be deducted from the account for rents and profits. He will also be allowed for doing that which is necessary for the protection of the title of the mortgagor. *Sandon* v. *Hooper*, 6 Beav. 248; *Pelly* v. *Wathen*, 7 Hare, 373. It has been repeatedly held, that if a mortgagee of a lease obtain a renewal, it will inure to the benefit of the mortgagor, he paying the mortgagee for his charges. As said by Lord Chancellor NOTTINGHAM, " The mortgagee but grafts upon his stock, and it shall be for the mortgagor's benefit." *Rushworth's Case*, Freem. 12; *Luckin* v. *Rushworth*, Finch, 392. Nor will the case be altered by the expiration of the lease before it is renewed. *Rakestraw* v. *Brewer*, 2 P. Wms. 510; *Nesbett* v. *Fredenrick*, 1 Ball & B. 29.

It has also been held, that a mortgagee is, like a trustee, prevented from purchasing at his sale of the premises, under a power contained in the deed, so as to bar the equity of redemption. *Benham* v. *Rowe*, 2 California, 387; *Slee* v. *Manhattan*

*Co.*, 1 Paige, 48; *Dobson* v. *Racey*, 4 Selden, 216; *Hoyt* v. *Mortruse*, 16 N. Y. 231. And where a prior incumbrancer, *bona fide*, purchases a subsequent incumbrance, he will be entitled to what is due upon it. *Morret* v. *Paske*, 2 Atk. 54; *Darcy* v. *Hall*, 1 Vern. 49; *Beamley* v. *Holland*, 5 Ves. 620, note. But it has been held to be otherwise, if he purchase with notice of an intervening security. *Long* v. *Clopton*, 1 Vern. 464. And where a person stands in any fiduciary relation toward the owner of the estate, he will, as against another incumbrancer, be allowed only what he paid for it, since any purchase by him of an incumbrance at a lower price than the amount due upon it, is for the benefit of the estate. *Morret* v. *Paske*, 2 Atk. 54.

It will sufficiently appear from these authorities, while the relation of trustee and *cestui que trust* may not be created by the execution of the mortgage, as between the mortgagor and mortgagee, still they are not on the same footing as strangers to the estate. There are many acts which third parties might perform, and thus acquire interests in the estate of the mortgaged property, the performance of which by either party to the deed would give him no new absolute right as against the other. Their relation to each other in reference to the property is such, that in many things their acts are held to be performed for the benefit of the estate, and to preserve the security.

It is not necessary to hold in this case that the relation of trustee and *cestui que trust* existed between appellant and appellee. The latter held a mortgage on the premises in controversy executed by appellant. This mortgage had become due, and a decree of foreclosure had been rendered, the property sold, and the right of redemption by the mortgagor was within about six weeks of expiring when this purchase was made by appellee of the outstanding title then held by Hoagland. At the time this purchase was made appellant might still have redeemed from the sale under appellee's decree. And it is clear that the purchase was made by appellee with the consent of appellant, and it seems to be equally clear that

appellant was to have further time to redeem from appellee's sale, and to refund him the money he then paid to Hoagland to extinguish his title.

We do not deem it necessary to review the evidence in this case, because, although there are some minor differences between the witnesses, it is evident, even from the evidence furnished by the appellee, that the purchase of Hoagland's title by appellee was through the suggestion of appellant, and that they co-operated in its purchase, with the understanding that appellant should have an extension of the time to redeem, and should have the same right to redeem the Hoagland title as his own mortgage to appellee. The witnesses differ as to how long the time should be extended, but that it was to be extended there can be no doubt. The statute of frauds does not apply, because it is not an attempt to enforce a mere parol agreement, that one man should buy land for the use of another, but the equity of the appellant arises from the fact, that he occupies the relation of mortgagor to appellee, and allowed the latter to buy in the outstanding title under an agreement, that he was purchasing it to attend upon his mortgage, and to be, like his own title, subject to redemption. We do not say, that a mortgagee can in no case buy in an outstanding title, and hold it against the mortgagor without a right of redemption by the latter; but we do say, that the mortgagee cannot buy in an outstanding title, under an arrangement with the mortgagor that it is to be held, like the mortgage, subject to redemption, and, when the title is acquired, turn around and insist that he has purchased as a stranger. This would be a short mode of foreclosure which the law will not tolerate.

We speak of these parties as mortgagor and mortgagee, because the twelve months had not expired after the sale under the foreclosure, and the mortgagor had still a right to redeem. Had that right expired, the case would then have come before us in a very different aspect.

We further remark, that we are not deciding upon the right of Moore under this agreement to an extension of the right of redemption from the foreclosure sale, beyond the twelve months.

That portion of the agreement could not have been enforced, from the want of sufficient consideration. But we are not asked to enforce that part of the agreement. When Moore and Titman finally differed in regard to the possession of the land, and the rents and profits, Moore brought the record to this court, and obtained a reversal of the decree of foreclosure. As Titman was the purchaser at the master's sale, his title fell with the reversal, and thus the relation of mortgagor and mortgagee was restored, and with that relation the right to redeem from the purchase of the Hoagland title. This satisfactorily explains the delay of Moore in filing his bill to redeem. Such a bill would have been of no avail until the sale and master's deed were removed from his path. He could not enforce the agreement to extend the time of redemption, resting in parol and without consideration. But, that difficulty being removed, he was in a position to ask the court to permit him to redeem from the Hoagland title, on the ground, that such an agreement between the mortgagor and mortgagee as was made in this case — an agreement that the mortgagee shall buy in an outstanding title for the benefit of the estate, and hold it, like his mortgage, subject to redemption — is an agreement which a court of equity will always enforce. This is clear from the authorities above quoted.

The outstanding title is bought by the mortgagee under and in consequence of the mortgage. But for his agreement that it should attend the mortgage and be subject to redemption, we might presume the mortgagor would have made other arrangements for its purchase. To allow the mortgagee to repudiate his agreement for redemption would be to permit him to commit a fraud on the mortgagor.

We are, therefore, of the opinion that the Circuit Court should have permitted Moore to redeem. An account should have been stated between the parties, in which Moore should have been charged with the amount on the certificate of purchase held by Titman on the day of the purchase from Hoagland, and with the amount paid by Titman to Hoagland on the purchase. As the mortgage debt was at that time drawing ten per cent

interest, it is but reasonable to charge Moore with that rate of interest. On the other hand, he will be entitled to an account of rents and profits received by Titman since he went into possession, less taxes which he has paid and for reasonable repairs he may have made to keep up the premises.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*