GEORGE FORLOUF

v.

JOHN A. BOWLIN ET AL.

*Trespass—Real Property—Trust Deed—Rent—Attornment—Evidence —Distress Warrant.*

1. The grantee in a deed of trust can not, after condition broken, without entry or attornment, proceed to collect rent from a person in possession who is not a party to such deed.

2. It is proper to allow a distress warrant in the hands of a constable, although not served, to be introduced in evidence in an action of trespass to which he is a defendant, as going to show his reason for being present upon the occasion in question.

3. In an action of trespass, the evidence being conflicting, this court sustains the finding for the defendants.

[Opinion filed October 19, 1888.]

APPEAL from the Circuit Court of Perry County; the Hon. AMOS WATTS, Judge, presiding.

This was an action brought by appellant against appellees in trespass. The declaration contained two counts—one *quare clausum fregit*, the other *de bonis asportatis;* a jury was waived and trial by court. The judgment for defendants, and plaintiff appealed. The opinion states the facts.

Mr. R. W. S. Wheatley, for appellant.

Mr. B. W. Pope, for appellees.

Phillips, J. ᐧ The appellant was tenant of John A. Bowlin, one of appellees, in certain premises in Jackson county, Illinois, for which rent was to be paid at the machine in kind, one-third of the crops raised. Appellant lived in Perry county, Illinois, on the E. $\frac{1}{2}$ W. $\frac{1}{2}$ S. W. $\frac{1}{4}$ Sec. 33, T. 6 S., R. 1, W. 3d P. M., and hauled the grain in the straw from appellee Bowlin's premises, in Jackson county, to the premises occupied by appellant in Perry county, there to be threshed.

This was in the fall of A. D. 1886. Some years prior thereto one August Heinzman, with Anna, his wife, executed a certain deed of trust to Joseph S. Slawson on said E. $\frac{1}{2}$ W. $\frac{1}{2}$ S. W. $\frac{1}{4}$ Sec. 33, T. 6 S., R. 1, W. 3d P. M., to secure the payment of one certain promissory note for the sum of $400, with interest from date at the rate of ten per cent. per annum, payable annually, due four years after date. Said note and deed of trust were of date January 12, 1878. The note was payable to Joseph N. Slawson and by him assigned and indorsed to John A. Bowlin, one of appellees. August Heinzman died, and his wife, Anna, married appellant, and appellant and Anna, his wife, occupied such premises and farmed the same.

The deed of trust contained the following clause:

"And it is hereby agreed by the first party that the sheriff of Perry county, Illinois, may sell said premises upon the conditions hereinafter named, in case of default in payment, to the second party or to any other person or persons, and convey the same to the purchaser by deed. Together with all and singular the tenements, hereditaments, privileges and

appurtenances thereunto belonging or in anywise appertaining, with the rents, issues and profits thereof, and all the estate, interest and claim whatsoever of the said party of the first part, in law as well as in equity, in and to the premises hereby conveyed."

After the note was indorsed to John A. Bowlin, and same being due, he claimed he was entitled to rent on said premises by virtue of the clause above quoted, and testifies that he notified appellant and his wife that if they remained on said premises another year he would claim rent for same, to which claim of appellee the appellant remained silent, so far as this proof shows.

In the fall of 1886, the appellee, John A. Bowlin, was by appellant notified that at a certain date he, appellant, would thresh the grain raised on appellee Bowlin's premises, and he could get his rent at the machine in kind. Bowlin came with wagons and received that rent.

After receiving that rent, Bowlin claimed that by virtue of said deed of trust he was entitled to collect rent for the premises in Perry county occupied by appellant, and further claimed he had issued a distress warrant and placed the same in the hands of one Charles Swigert, a constable, one of appellees.

Appellant denied the right of appellee Bowlin to collect rent, and denied all liability for any rent on the premises in the deed of trust described.

Whereupon appellee John A. Bowlin directed a levy of the distress warrant, and also directed Massoit Bowlin, one of appellees, to place on the wagon certain sacks of grain. Appellee Massoit Bowlin then seizing one of the sacks, appellant caught hold of the same sack, whereupon Massoit Bowlin struck and knocked down appellant. The machine was stopped and there was much quarreling, after which the appellees loaded one sack more than one-third of the grain raised on the premises in the deed of trust described, and hauled off the same.

Appellant brings his action of trespass and files his declaration, containing two counts—one trespass *quare clausum fregit*, the other *de bonis asportatis*—and to maintain the issue on his part shows the above facts.

Appellees, as a matter of defense, introduced evidence tending to show that after appellees had placed on the wagon one sack, the appellant consented that appellee John A. Bowlin should take, as his rent, one-third of the grain raised on the premises in the deed of trust described, and that he should dispose of the same, and that should be a settlement of all lawsuits and difficulties between them; that the grain was hauled off, sold and credited on the note in the deed of trust described.

This claim of appellees that appellant consented to the delivery of grain as rent, and the same to be in settlement of all lawsuits and difficulties between them, is denied by appellant, and evidence is introduced tending to sustain him in that denial.

The appellees were there to receive rent of the Jackson county land on the invitation of appellant, or to aid John A. Bowlin in getting that rent. After receiving that, appellee John A. Bowlin claimed rent for the land in Perry county occupied by appellant, and his right to have rent for the same was denied. Appellees' claim that he was entitled to the same by virtue of the terms and conditions of the deed of trust above quoted can not be sustained.

Appellant was not a party to that mortgage; his right to the crop raised was by a right of occupancy that existed merely by consent of his wife, who had mortgaged the same, but Furlouf had never attorned to the appellee. It was true that there was condition broken, but there had never been an entry by the grantee in the deed of trust for condition broken, and even the mortgagor is not required to account to the mortgagee for rents and profits while he remains in possession. Moore v. Titman, 44 Ill. 367.

After condition broken the mortgagee may enter and render his security productive by the reception of the rents and profits. Id. But this appellant does not stand in a position that without entry for condition broken or attornment the appellee would have a right to distrain.

The appellee John A. Bowlin, however, was there to receive rent for his Jackson county land at the invitation of

appellant. He took with him certain other parties, who are also appellees, to aid him, and also the constable, Charles Swigert, to whom he had delivered a distress warrant. That distress warrant was introduced in evidence, although the same had never been levied, and the admission of the distress warrant in evidence is assigned as error. The appellee Swigert, the constable, had the right to show the circumstances under which he was on the premises and that he was there with a distress warrant placed in his hands as an officer and the fact of the distress warrant being in his hands was proper for him to show. As the constable, Charles Swigert, was made a defendant in this action, he had a right to show that he acted in good faith and with reasonable prudence. To recover exemplary damages from him it must appear that he was actuated by malice or a reckless disregard of the rights of appellant. Becker v. Dupree, 75 Ill. 167.

To prevent a recovery of exemplary damages he had a right to show that he was there as an officer with a distress warrant and that he acted with reasonable prudence. There was no error in allowing the distress warrant to go as evidence on the trial.

There is here no count in trespass *vi et armis*, nor were any propositions of law submitted to the court to be held or refused, a jury having been waived and a trial by the court. The only remaining question raised by appellant is whether the evidence authorized finding defendants not guilty. The trial court had the evidence of the witnesses in reference to the direct issue as to whether the removal of the grain was consented to by appellant, and that the same was to be a settlement of all difficulties and law suits between them; that after the grain was all loaded " they shook hands on it," and, to say the least, the evidence on this point was conflicting, but it can not be said there was no evidence tending to sustain this verdict, and where there is conflicting evidence to sustain the verdict, though the evidence may be conflicting, unless the verdict is manifestly wrong a new trial will not be granted. City of Chicago v. Ferguson, 60 Ill. 200; City of Galesburg v. Higley, 61 Ill. 287; Fitch v. Zimmer, 62 Ill. 126; White v. Clayes, 32 Ill. 325.

We can not say this verdict was manifestly wrong. Finding no error in this record the judgment will be affirmed.

*Judgment affirmed.*