64    199*l*
68    420
166s  398

## James M. Schultz and Alexander J. Schultz v. James Babcock, Thomas D. Hobson and Irving Mutchler.

1.    VERDICTS—*Conclusive Upon Questions of Fact.*—Where the mat-
ters at issue involve only questions of fact, a verdict upon conflicting
evidence must be regarded as final and conclusive.

Assumpsit, for money paid.    Appeal from the Circuit Court of Cook
County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.    Heard in
this court at the March term, 1896.    Affirmed.    Opinion filed April 27,
1896.

LEVI SPRAGUE, attorney for appellants.

MELVILLE, STOBBS & MELVILLE, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE
COURT.

The appellees sued the appellants in assumpsit for a bal-
ance of money paid out by them at the request of appel-
lants, for freight upon certain lumber used in the con-
struction of a World's Fair hotel at Harvey, in this county,
in the spring of 1893, and recovered a judgment for
$1,361.25.

The partnership firm, composed of appellees, had a con-
tract with the hotel company to erect for it a hotel build-
ing for the sum of $87,552.00, and made an arrangement
with one J. C. Ahrens to furnish them with the lumber
required for the job.

The arrangement made with Ahrens was an oral one,
but it was fairly established that Ahrens was to deliver the
lumber free on board of cars ("F. O. B.") at Harvey, and
that the hotel company should in some way become respon-
sible to Ahrens for the lumber.

Whatever the agreement with Ahrens in the latter re-
gard may at first have been, the hotel company did, by a
formal resolution adopted by its board of directors eighteen
days after the date of its contract with appellees, and before
Ahrens had furnished any lumber, "assume the lumber bill
of J. C. Ahrens for lumber furnished by him to Babcock &
Co., in the building, * * * to be paid for according to
terms of our own contract with Babcock & Co., subject to
all of the conditions of said contract, and also subject to the
order of said Babcock & Co."

Ahrens was, however, unable to perform what he had un-
dertaken. To quote his own language, he " was not able to
swing " so large and undertaking, and he turned it over to
the appellants, and on the back of the copy of the resolution
of the hotel company from which we have quoted, he as-
signed his " interest to the within agreement to Schultz
Bros.." which assignment was duly approved by the hotel
company.

Then it was that the appellants began to deliver lumber
amounting in the aggregate to $26,044.

Schultz v. Babcock.

For such lumber the appellees never paid anything directly, but gave to appellants orders on the hotel company in pursuance of its said agreement to assume payment of the lumber bills. Such orders, however, were not paid by the hotel company, and appellants refusing to deliver any more lumber without payment, a meeting of all concerned was held on March 19, 1893, at which time a supplemental contract was entered into between the appellees and the hotel company, whereby the times of payment originally agreed upon were extended, and thereupon new orders on the hotel company were given to appellants by the appellees, payable at times in the future, in accordance with the terms of the new agreement.

Such orders, except to the amount of the first maturing one for $3,000, were never paid. Later on, the hotel company gave to appellants its promissory notes, indorsed by some or all of its stockholders, for the amount due them which notes were taken either as collateral security to, or as payment of, the indebtedness, but have never been paid.

At the same time that the hotel company gave its indorsed notes to the appellants, the appellants surrendered to the hotel company the orders which they had received from the appellees.

Whether, as matter of law, the taking by appellants of the security of indorsed notes and surrendering the orders drawn by appellees did not operate to release the appellees from all further liability to the appellants, need not be discussed, although it probably did so operate.

But taking those circumstances into consideration, in connection with the testimony on the part of appellees that it was then expressly agreed by appellants that appellees' liability was at an end, and we have ample evidence to find, with the jury, that as a matter of fact the appellees were by agreement released.

That conclusion does not, however, dispose of the freight charges, which it is not claimed that the hotel company assumed or were in any way chargeable with.

Up to the time of the meeting on March 19th, it had been a

matter of considerable controversy as to who should pay the freight charges in the first instance. The appellees insisted then, as they do now, that although they were bound to deliver the lumber free from freight, yet by the custom of the trade the appellees should pay it and deduct the amount from the purchase price of the lumber, and in that way give appellants the benefit of a payment to that extent upon the lumber they sold. But however that may be, there was testimony that tended to show that at the meeting of March 19th, the appellants expressly agreed to pay to appellees all freight already advanced by them as soon as a statement thereof should be furnished, and all that might thereafter be paid by them upon bills therefor being rendered.

Acting upon that assumption, the appellees, on the next day, March 20th, rendered to appellants a statement, and received in reply the following letter:

"3|21, 1893.

Babcock, Hobson & Mutchler, Harvey.

GENTLEMEN: Your statement of freight paid, at hand, and is O. K. as to am't. Won't it be possible for you to let this run until the first of the month? We are close pressed just at present, and if you could let this run it will greatly accommodate us; or, if you can't let all of it stand, say a part of it. We send you herewith bills for cars held back. If there is anything particular you want rushed, let us know, and we will go for it.

Yours,

SCHULTZ BROTHERS."

It was also proved that appellants did, about a week after the date of this letter, pay $600 on account of the statement rendered. They never paid any more, and the suit was to recover for the balance on the statement of March 20th, and for freight subsequently paid by the appellees.

These matters were all questions of fact, upon which the evidence was conflicting in most respects, and we must regard the verdict of the jury as final and conclusive upon them.

The objection that the testimony of one of appellee's wit-

nesses of the contents of the writing of March 19th was erroneously admitted, does not possess much merit. He was testifying to matters of oral agreement between appellees and appellants and the hotel company, concerning some things which, it is true, were involved in the writing between appellees and the hotel company entered into the same day, but which the appellants were not parties to, and we do not understand, from a reading of his testimony, that he can fairly be said to have testified as to the contents of the writing; not so, at least, to any material extent.

Complaint is made of the refusal of an instruction asked by the appellant, to the effect that the resolution of the board of directors of the hotel company, with reference to assuming the lumber bills, was only a guaranty of payment. We do not so construe that resolution, and think the instruction was properly refused. We think the only reasonable construction to be given to that resolution would charge the hotel company as primarily liable for the lumber, and all parties, by their conduct, seem to have so treated it.

As to the criticism of the other instructions, either given or refused, we will only say that we discover no material error in them.

The questions at issue were mostly ones of fact, and we regard them as settled by the verdict.

The judgment will accordingly be affirmed.