## Reuben H. Donnelley v. Charles P. Packer.

1. TRIALS—*By the Court, Conclusive.*—When a controversy is sub-mitted to the court for trial without a jury, a finding upon conflicting evidence will be final.

**Assumpsit**, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

McCLELLAN & LITTLE, attorneys for appellant.

CLIFFORD & MORE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

What does appear, and all that appears with certainty in this case, that is material, is that the appellee sued upon a note made by the appellant, payable to his own order, six months after date, for $5,000, and indorsed by him, which note was in the possession of the appellee. All the quarrel between the parties is upon the subject of who ought to have paid that note, the appellant or the appellee.

The court has made a finding upon conflicting evidence, and that finding must stand. The judgment is affirmed.

MR. JUSTICE GARY ON PETITION FOR REHEARING.

This petition says: "It is not apparent from the opinion of the court that the grounds relied upon by the appellant for reversal, received such apprehensive attention of the court as to duly impress the court with their actual force and merit."

The attention of the court was directed to the undisputed facts that, first, the original $5,000 represented by the note in controversy was borrowed by the father of the appellant, for the use of a corporation in which the father was interested, from an outsider upon collateral belonging to the appellee and lent for that purpose to the father; second, that the loan was paid by a check of the corporation upon a bank of which the appellee was president; third, that on four-fifths of this same collateral the note in suit was given to raise money to make good that check. Thus it appears that in the original transaction the appellee was accommodating the father of the appellant, and that if the appellee has taken up the note in suit to save his collateral, of which his possession of the note is presumptive evidence, he is $5,000 out of pocket in the course of the business.

Now, whether in the various transactions which followed, and upon which the appellant and his father on the one side, and the appellee on the other, were, as witnesses, in conflict, the one side or the other told the truth, was a question upon which the finding of the court below is final, notwithstanding the attempted impeachment of the appellee as a witness. White v. Clayes, 32 Ill. 325; Wood v. Price, 46 Ill. 435; Weaver v. Crocker, 49 Ill. 461; Schultz v. Babcock, 64 Ill. App. 199, and scores of other cases.

The effort to impeach him was, in effect, an acknowledgment that if he was a truth-telling witness, he was entitled to recover.

The petition is denied.