## JAMES M. SCHULTZ et al.

### v.

## JAMES BABCOCK et al.

*Filed at Ottawa April 3, 1897.*

APPEALS AND ERRORS—*when error in the admission of evidence and giving of instructions will not reverse.* Where plaintiff's cause of action is clearly established by the admission of the defendant, errors in the admission of testimony and the giving and refusing of instructions will not work a reversal of the judgment.

*Schultz* v. *Babcock,* 64 Ill. App. 199, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

LEVI SPRAGUE, for appellants.

MELVILLE, STOBBS & MELVILLE, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellees brought their action in assumpsit against appellants in the circuit court of Cook county. With the declaration, consisting of the common counts, they filed an affidavit of merits, alleging that their claim was for money paid for freight for defendants, at their request, on lumber sold by defendants to plaintiffs for the construction of the World's Fair Masonic Hotel in Harvey, Illinois, and that the amount due was $1210.81. The only plea filed by the defendants was the general issue. Issue being joined on that plea the case was submitted to a jury, which returned a verdict for plaintiffs for $1361.25, being the amount of their claim with accrued interest. The circuit court overruled defendants' motion for new trial and entered judgment upon the verdict, which has been affirmed by the Appellate Court. The case is sub-

mitted in this court on the same briefs and arguments filed in that court.

As will be seen from a statement of the case and opinion by Mr. Justice SHEPARD, (64 Ill. App. 199,) the only question involved in the case going to the merits was one of fact, viz., whether the defendants had promised to pay the plaintiffs the freight charges advanced by them, as claimed in their sworn statement. Appellants' contention is, that although they are liable for these charges the appellees are indebted to them for the lumber furnished in a much larger amount, and that they are entitled to have the freight so advanced credited upon that indebtedness. The appellees deny all liability for the lumber furnished, insisting that by an arrangement among themselves, the appellants and the hotel company, made on the 19th of March, 1893, the hotel company, with the consent of appellants, assumed that indebtedness, and that appellants at that time expressly agreed to repay them the freight charges which they had advanced. This fact the jury and Appellate Court have found in their favor, and in view of the letter signed "Schultz Bros.," dated March 21, 1893, set out in the opinion of the Appellate Court, wholly unexplained, no other conclusion could have been reached. That letter is a direct and unconditional acknowledgment of the justice of the claim and a promise to pay it. Their liability was further recognized by soon after paying $600 of the claim. Therefore, plaintiffs' cause of action being clearly established, the errors complained of as to the admission of testimony and the giving and refusing of instructions, if committed, would not work a reversal of the judgment below. We agree, however, with the Appellate Court in the conclusion that no such material errors were committed.

The judgment will be affirmed.

*Judgment affirmed.*