<p style="text-align:center">HIGBY and others <em>against</em> WILLIAMS.</p>

IN ERROR, to the Court of Common Pleas of the county of *Oneida,* on a bill of exceptions.

The defendant in error brought an action of trespass *quare clausum fregit* against the plaintiffs in error. The declaration contained three counts, to which the defendants below merely pleaded a joint plea of *not guilty.* The cause was tried at the *May* term, 1818, of the Court below.

There had been a controversy between the parties as to the true boundary of the lots of the plaintiff, and of *Joseph Higby,* one of the defendants below; and the division fence between the lots passed over part of the land which was claimed by the defendant, *J. Higby.* In the summer of 1817, the defendants below, with a surveyor, ran a line between the lots, and while running it, in order to avoid some obstacle, made a slight deviation upon land which they admitted to be part of the plaintiff's lot. It was conceded by the counsel for the defendants, that they were guilty of a trespass in making this deviation, but not in running the line, and a variety of evidence was given in relation to the alleged trespass. The plaintiff's counsel then offered to prove, in aggravation of damages, that one of the defendants, not in the presence of the others, said, that he had marked

<p style="margin-left:2em"><em>Where in an action of trespass against several defendants, who jointly plead not guilty, a joint trespass is proved, the plaintiff cannot give in evidence, in aggravation of damages, the distinct and unconnected acts of some of the defendants.</em></p>

certain trees on the line, which *J. Higby* alleged to be the true boundary, in order to prevent the plaintiff from clearing up to the boundary, which he contended to be the true one. The admission of this testimony was objected to, on the ground that there was no connexion shown between all the defendants in this transaction ; but the objection was overruled, and the evidence was admitted.  It was then further offered to be proved, in aggravation of damages, that on one occasion, the defendant, *J. Higby, jun.*, none of the other defendants being present, had declared to the plaintiff below, that he, the plaintiff, should not cut to the line, which he insisted on as the boundary, if powder and ball would prevent him.  This testimony was objected to also, on the ground that the other defendants were in no way connected with the threat which had been held out by *J. Higby, jun.* but the Court, notwithstanding, admitted the evidence ; and a verdict was found for the plaintiff below, jointly against the defendants, for 25 dollars and 6 cents.

*Talcot,* for the plaintiff in error.  The plaintiff below proving and relying on a joint trespass, the jury could not sever the damages.  Evidence of a distinct substantive trespass committed by one of the defendants, ought not to be received in aggravation of another distinct and joint trespass, without showing any connexion between them, nor any assent of the other defendants, before or afterwards. In cases of *torts*, the confession of one defendant is no evidence to prove a *joint* trespass, though the rule may be otherwise in regard to contracts.  (*Philips' Ev.* 73, 74.) In *Sedley* v. *Sutherland*, (3 *Esp. N. P. Rep.* 203.) Lord *Kenyon* ruled, that in a joint action of trespass, the plaintiff should go for one trespass done at the same time, when all were present ; otherwise, some of the defendants might be subjected to damages, for a trespass in which they had no concern.

*E. Clark,* contra.  There are two counts in the declaration. (1 *Chitty's Pl.* 393. 1 *Saund.* 299. *a.* n. 6.)  Having pleaded jointly, all the defendants are jointly bound, though one may be more guilty than the other.  They are answer-

able for the acts of each other. (2 *Caines' Rep.* 108. 1 *Chitty Pl.* 545. 1 *Saund.* 28. n. 5 *Burr.* 2790. 1 *Str.* 422. *Carth.* 20. *Cro. Eliz.* 860. *Phillips' Ev.* 134, 135. *Bull. N. P.* 89. *Salk.* 642.)

NEW-YORK
May, 1819.

HIGBY
*v.*
WILLIAMS.

*Talcot*, in reply, said, that if the jury could not sever the damages, as it was clear they could not, it would be unjust to admit the evidence in aggravation of the damages. Law and justice are equally against the doctrine, that all the defendants are answerable for the acts of each.

SPENCER, Ch. J. delivered the opinion of the Court. There can be no doubt that the Court erred in admitting evidence of the unconnected and distinct acts of some of the defendants, after a joint trespass was proved, for the purpose of enhancing the damages. The principle has been established, that if two or more defendants join in a justification of a trespass, by a special plea, and which would have been a justification to some of them, had they pleaded it separately, but which would not justify others of them, the plea is bad as to all. The reason is, that the court cannot sever the justification, and say that one is guilty, and the other is not, when they all put themselves on the same terms.

This rule is a very artificial one, and ought never to be extended beyond the very cases to which it has been applied ; and it may safely be asserted, that it never has been extended to the general issue of not guilty, pleaded jointly. In the case of *assumpsit*, if the defendants plead the general issue jointly, the plaintiff is bound to prove a joint assumption, and if he fails in doing this, he cannot succeed. Infancy, or a discharge under the insolvent law, of one of the defendants, will not defeat the action; but in those cases the joint promise must be proved. There is no reason to be given, requiring the defendants to sever in the plea of the general issue, and there is no case that inculcates the doctrine. Trespasses commited jointly may be treated by the injured party as joint or several ; though he can have but one satisfaction. If he joins the several trespassers, to obtain a verdict against all of them, he must prove a joint trespass.

NEW-YORK,   If he fails to give proof implicating them all, but which
May, 1819.   proves some of them guilty, he will be entitled to a verdict
REID      and judgment against them, and those not proved to be guilty
v.       will be entitled to an acquittal, and judgment for their costs.
PAYNE.    These are principles daily recognized.   In *Sedley* v. *Suther-*
*land* and others, (3 *Esp. Rep.* 203.)   Lord *Kenyon* said, that
where an action is brought for a joint trespass, and the plain-
tiff elects to go for a trespass at any particular time, he must
confine himself to that period; and if all the defendants
were not concerned in the trespass committed at that time,
the plaintiff cannot have recourse to a trespass committed at
a future time, when some of the defendants were concerned
who were not implicated in the first transaction; and he
says, the reason is this, that some of the defendants might
be thereby subjected to damages for a trespass in which they
had no part or concern.   The reason is too obvious and
just, to require any arguments to support it.

Judgment reversed.