## FREDERICK BECKER

### v.

## MARCUS W. DUPREE.

75  167
29a 473
75  167
33a 150
75  167
35a 251
75  167
162 162
57a 307
75  167
65a 323
75  167
79a 268
75   167
99a  4155

1. TRESPASS—*when party liable for officer's acts.* Where a landlord issues his distress warrant against his tenant, and puts it into the hands of an officer to be levied upon his tenant's goods, giving no specific directions as to what property shall be taken, and the officer and his assistants seize the goods of a sub-tenant, the landlord will not be liable in trespass to the sub-tenant, unless he afterwards ratifies or approves of the act, or holds the goods after notice of the facts.

2. The delivery of a distress warrant to an officer, with directions to execute it, cannot be held, by any known rule of law, to render the landlord liable for the unauthorized and unapproved acts of the bailiff and his assistants. In the absence of proof to the contrary, it will not be presumed that the landlord directed the bailiff to seize property of any person other than the tenant named in the writ.

3. SAME—*when liable ab initio.* Where an officer executing a distress warrant seizes the property of a stranger, if the landlord ratifies the act and retains the property after knowledge of the fact, he will thereby render himself liable as a trespasser *ab initio.*

4. EXEMPLARY DAMAGES—*when recoverable in trespass.* To justify the recovery of exemplary damages for a trespass to property, it must be shown that the defendant was actuated by malice or a reckless disregard of the plaintiff's rights; and when two are sued, and one of them is not chargeable with malice or recklessness, exemplary damages cannot be recovered against both.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of trespass, by Marcus W. Dupree against Frederick Becker and Benjamin Silts. The facts of the case are stated in the opinion of the court. A verdict and judgment were had for one thousand sixty-six dollars and sixty-three cents, in favor of the plaintiff, from which judgment Becker appealed.

Mr. THOMAS SHIRLEY, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant, Becker, leased a business house to one Penneberger who afterwards underlet half of it to appellee. He went into possession and occupied his half from the 18th of June until the 16th of July. On the latter date Penneberger owed two months' rent under his lease, and Becker issued a landlord's warrant, which he placed in the hands of Kline, to distrain the goods of Penneberger. In doing so he took a portion of the goods of appellee. On discovering this fact, Becker had them returned and placed in the store the next morning, and Penneberger says that appellee afterwards got them. But he ceased to do business in that store after the distraint was made. He testified the goods were worth seven hundred and fifty-two dollars, when they were placed in the store. Penneberger testified that some of the goods were damaged.

Appellee sued appellant and Silts in an action of trespass *de bonis asportatis.* A trial was had by the court and a jury, who found a verdict in favor of the plaintiff for one thousand and sixty-six dollars and sixty-eight cents. A motion for a new trial was entered, but overruled by the court, and a judgment rendered on the verdict. Thereupon Becker has appealed to this court and assigned errors on the record.

If appellant is at all liable, it must be on the ground that he directly controlled, or at least participated in the trespass, or had knowingly approved and ratified it after it was done. The evidence seems to be slight that appellant in any way directed or intended that appellee's goods should be seized under the distress warrant. If he simply issued the warrant and directed the bailiff to seize the property of his tenant, and in executing the writ, he seized a portion of appellee's property, the landlord could not be held a trespasser, but the wrong would be wholly that of the officer or his assistants, in

making the levy. The presumption would be that the landlord only directed him to levy on the property of the tenant, to limit his power to his legal duty which is expressed in the warrant, and that was, to seize the goods and chattels of the tenant liable to distraint, sufficient to satisfy the rent due.

Or, if the landlord, after the property of a stranger is seized, were to ratify the act of taking the property, and retain it, and after being informed of the fact, he were to insist upon subjecting it to the payment of his rent, or if he disregarded the rights of the owner after knowing the facts, he would thereby render himself liable as a trespasser *ab initio*. But, to become liable, he must participate intentionally or wantonly in the act, or knowingly ratify and approve it after its commission. The mere delivery of the writ to the officer with directions to execute it, cannot be held, by any known rule of law, to render him liable for the unauthorized and unapproved acts of the bailiff and his assistants. If, then, appellant neither directed the levy upon appellee's property, nor subsequently approved the act, he cannot be liable to any extent.

If, however, appellant could be held liable, the damages are excessive. The highest value fixed on the property by witnesses was seven hundred and fifty-two dollars, and the verdict was for one thousand and sixty-six dollars and sixty-eight cents. A large portion of the finding is necessarily given for punitive damages. And if so, it is manifestly wrong. Even if it can be found that appellant was guilty, there cannot be the slightest pretense that he acted with malice or wantonly in causing the distraint to be made. It is not denied that the rent claimed from his tenant was due, or that he proceeded legally in issuing the warrant. Nor can it be claimed that he ratified the wrongful seizure of appellee's goods. On the contrary, as soon as he learned the facts, and on the morning after the day of the seizure of the goods, he caused them to be returned to the store whence they were taken, and so notified appellee.

If it could be found that the bailiff or his servants acted with malice or recklessly, that would be no reason for holding ap-

pellant liable for punitive damages; unless he participated in the act or ratified it after it was consummated, and we have seen that there is no evidence of ratification in this record. If appellant did not direct the seizure of appellee's goods, or did not ratify the act of the bailiff and those he employed, he should have been acquitted. And if the bailiff acted in good faith and with reasonable prudence, appellee is only entitled to recover the amount of the loss actually sustained by seizing the goods. To recover exemplary damages from him, it must appear that he was actuated by malice or a reckless disregard of appellee's rights. And if it should so appear, appellant could not be held jointly liable for such damages. Where two are sued for a trespass, and one has so acted as to become thus liable and the other not, to recover such damages the suit should be against the party alone who incurs the liability.

The court erred in giving instructions which announce a different rule from the views here expressed, and the judgment must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*