King v. Cook.

---

## William H. King et al.
### v.
## Amanda S. Cook.

Trespass — Exemplary damages — Taking property of another under replevin writ.—In trespass for taking property, where there is no evidence to show that the deputy sheriff acted maliciously or recklessly in serving the process, no exemplary damages can be recovered against him, and he is not liable for what the plaintiff in replevin did with the goods after he obtained possession of them. Unless both defendants acted in concert, or the act of the party sought to be charged natura'ly and necessarily produced the acts of the others, one defendant cannot be held for the act of another.

Error to the Circuit Court of Cook county; the Hon. W. K. McAllister, Judge, presiding. Opinion filed November 5, 1879.

Mr. J. W. Merriam, for plaintiffs in error; that the only

trespass for which recovery can be had in this action, is for taking the goods, and in an action against several, the plaintiff is confined to the trespass in which all were implicated, cited Saunders' Pl. 153; Sidley v. Sutherland, 3 Esp. 202; Mysick v. Downer, 18 Vt. 360; Prichard v. Campbell, 5 Ind. 494; McCarron v. O'Connell, 7 Cal. 152; Wynne v. Anderson, 3 Car. & P. 596; Gray v. Waterman, 40 Ill. 522; Waterman on Torts, § 99.

In an action for joint trespass, plaintiff cannot give evidence of distinct acts of one in aggravation of damages:   2 Hilliard on Torts, 252; Higley v. Williams, 16 Johns. 215; Clay v. Sandiger, 12 B. Mon. 334.

In taking goods by an officer, unless he acts maliciously or recklessly, only compensatory damages can be recovered: Beveridge v. Rawson, 51 Ill. 504; Becker v. Dupree, 75 Ill. 167.

Instructions given for plaintiff, virtually telling the jury there was evidence from which they might find vindictive damages, when there was no such evidence, were erroneous: Gibson v. Webster, 44 Ill. 483; Bullock v. Narrott, 49 Ill. 62; T. P. & M. R. R. Co. v. Patterson, 63 Ill. 304; I & St. L. R. R. Co. v. Miller, 71 Ill. 463; Andreas v. Ketcham, 77 Ill. 377.

The recovery should have been limited to the actual damage shown by the evidence: City of Freeport v. Isbell, 83 Ill. 440.

Where the goods taken were so intermingled with goods of the defendant that they could not be distinguished, and have since the levy been returned, no cause of action exists: Shumway v. Rutter, 8 Pick. 443; 2 Hilliard on Torts, 196.

Money paid to secure a return of the goods cannot be recovered in trespass for the taking, unless specially stated: 1 Chitty's Pl. 411; 2 Greenleaf's Ev. § 254; Adams v. Barry, 10 Gray, 361; Armstrong v. Percy, 5 Wend. 539; Halley v. McCargo, 4 Bibb. 349; Olmstead v. Burke, 25 Ill. 86.

A remittitur does not remove the passion or prejudice of a verdict: Loewenthal v. Streng, 11 Chicago Legal News, 162.

The court cannot, by accepting a remittitur in cases sounding in damages, take from the jury the assessment of damages and assess them itself:   Gravett v. Mugge, 89 Ill. 218; Koeltz

v. Bleckman, 46 Mo. 320; Cromwell v. Wilkinson, 18 Ind. 365; Thomas v. Womack, 13 Tex. 580; Lambert v. Craig, 12 Pick. 199.

The rule that a court may accept a remittitur of an excess in the verdict in actions on contracts, does not apply where the damages were assessed for the tortious act of the party: Cole v. The People, 84 Ill. 216: Frazier v. Laughlin, 1 Gilm. 185; Austin v. The People, 11 Ill. 452; Pulliam v. Pensonneau, 23 Ill. 93; Hinckley v. West, 4 Gilm. 136.


Messrs. McCagg, Culver & Butler, for defendant in error; that under the plea of not guilty, it might be proved that the plaintiff had no property in the goods, or that defendant did not take the goods from plaintiff, cited Puterbaugh's Pl. 580.

An objection that the court sustained a demurrer to a special plea will not be considered when the defendant, on the trial, gave in evidence all the facts alleged in the special plea, under the general issue: Reichert v. Kœrner, 54 Ill. 306.

Where the element of oppression mingles in the controversy, punitive damages may be awarded: Sedgwick on Measure of Damages, *38.

In vindictive actions, the jury are always permitted to give exemplary damages, both as an example and a punishment: Grable v. Margrave, 3 Scam. 372; McNamara v. King, 2 Gilm. 432; Bull v. Griswold, 19 Ill. 631.

A party cannot assign for error the admission of testimony to which he did not object and except: Sawyer v. City of Alton, 3 Scam. 127; Smith v. Kahill, 17 Ill. 67; Jackson v. Warren, 32 Ill. 331; Higgins v. The People, 39 Ill. 242; Board of Education v. Greenebaum, 39 Ill. 610; Allen v. Nichols, 68 Ill. 250; Reynolds v. Palmer, 70 Ill. 288; K. & I. R. R. Co. v. Chester, 62 Ill. 235; Allen v. Payne, 45 Ill. 339.

A judgment will not be reversed because of improper evidence, if sufficient legal evidence appears in the record to sustain the verdict: Bull v. Griswold, 19 Ill. 631; Schultz v. Lepage, 21 Ill. 160.

Where there is any evidence to establish a material fact, the sufficiency of such evidence is for the jury: 1 Waterman on Trespass, 101.

The taking, detention and refusal to return the property constituted the trespass, and all the trespassers were equally liable, and the jury might estimate the damages according to the amount the most culpable ought to pay: 1 Waterman on Trespass, § 116; 2 Hilliard on Torts, 292; Hair v. Little, 28 Ala, 236; Calkins v. Lockwood, 17 Conn. 154.

The sheriff having taken the property, is answerable for all the consequences following the taking: 1 Waterman on Trespass, 443.

By joining in the defense, each defendant has waived any privilege or defense peculiar to himself: Gleason v. Edwards, 2 Scam. 448; Moors v. Parker, 3 Mass. 310; Schermerhorn v. Tripp, 2 Caines, 108; Bradley v. Powers, 7 Cow, 330; Smith v. Bouchier, 2 Str. 993.

It is not error to refuse an instruction when the same is given in another form in the same series: Jones v. Jones, 71 Ill. 562.

The law presumes damage from every trespass, and an instruction that if no damage was done none need be found, is erroneous: 1 Waterman on Trespass, 101.

It is common practice for courts to require a remittitur of a portion of a verdict as a condition to the refusal of a motion for new trial: Collins v. A. & S. R. R. Co. 12 Barb. 500; George v. Law, 1 Cal. 365; 6 U. S. Dig. (N. S.) 551; Hill v. Newman, 47 Ind. 198; McCausland v. Wonderly, 56 Ill. 410.

To warrant a reversal on the ground of excessive damages, it must be apparent at first blush that the damages are glaringly excessive: McNamara v. King, 2 Gilm. 432; Foote v. Nichols, 28 Ill. 486.

The acts of a deputy are held to be the acts of the sheriff: Rev. Stat. 1874, 990, § 12; Sheldon v. Payne, 7 N. Y. 457; 1 Waterman on Trespass, 51; Pratt v. Banker, 45 Me. 569; Crocker on Sheriffs, § 869; Pond v. Leman, 45 Barb. 154; Wilbur v. Strickland, 1 Rawle, 457; Cooley on Torts, 135.

It was not necessary to describe the defendant as sheriff, in the pleadings; the court will take judicial notice of who is the sheriff of the county: Stillman v. Squire, 1 Denio, 328; Dyer v. Flint, 21 Ill. 80; Thompson v. Haskell, 21 Ill. 216; Dyer v. Last, 51 Ill. 179.

The sheriff's return, as an admission, was *prima facie* evidence against him: Crocker on Sheriffs, § 46.

Wilson, J.   Trespass *quare clausum* and *de bonis asportatis*, by Amanda S. Cook, appellee, against William H. King and Timothy M. Bradley, appellants.

The case was as follows: King went with one Stacey, a deputy sheriff under Bradley, to the residence of Mrs. Cook, in the city of Chicago, to execute a writ of replevin issued out of the Circuit Court of Cook county, against John D. Kirchoff and his wife, Elizabeth Kirchoff, the property described in the writ consising of a piano, household furniture, etc., being the same property covered by a chattel mortgage, previously executed by the Kirchoffs to one Storey to secure the payment of their promissory notes, amounting in the aggregate to $337.50, which notes had been assigned to King.   Mrs. Cook was the mother of Mrs. Kirchoff, and the Kirchoffs were occupying Mrs. Cook's house jointly with her—the furniture being partly Mrs. Cook's and partly the Kirchoffs'.

Finding Mrs. Cook and Mr. Kirchoff both absent, they requested Mrs. Kirchoff to point out the property covered by the mortgage and described in the writ, offering to take such goods as she preferred they should take, except the piano. Upon her declining to give them any information, Stacey proceeded to take such articles as were designated by King, and which apparently answered the description of the goods described in the writ.   He removed them from the house, turned them over to King, according to the command of his writ, took King's receipt for the goods, and made the proper indorsement on his writ; and this ended his connection with the case.

It turned out that a portion of the goods seized belonged to Mrs. Cook; but they so closely resembled the goods described in the mortgage as led King to believe they were the goods called for by the writ.

After the delivery of the goods by Stacey to King, the latter took them away and concealed them, refusing to surrender them, or to tell Mrs. Cook or her attorneys where they could

be found.    She sued out a writ of replevin, and search was made
for the goods in various parts of the city, but without avail.
Negotiations between the attorneys of the parties ensued,
which finally resulted in King's returning the property to Mrs.
Cook upon her paying the·Kirchoff notes, then amounting to
about $400.    Mrs. Cook shortly after commenced this suit, and
recovered a verdict against both King and Bradley for $1,000.
The court required the plaintiff to remit $400, which she did,
and had a judgment for $600.

The amount of the judgment being much in excess of the
plaintiff's actual damages, obviously included exemplary or
punitive damages; and the only question we deem it necessary
to consider is, whether, as against the sheriff, she is entitled to
recover anything more than the actual damages she sustained;
and this involves the question whether an officer, after the
delivery of goods to a plaintiff in replevin, is liable for the
subsequent wrongful or malicious acts of the plaintiff, done by
him separately, and without the knowledge or approbation of
the officer.

The general rule of law in relation to punitive or exemplary
damages is well understood, and is to the effect that such dam ·
ages are not allowable unless the act complained of was done
in a malicious, wanton or reckless manner.    After a careful
examination of the testimony, we fail to perceive either of
these elements in the conduct of Stacey while executing the
writ of replevin.    However obnoxious to criticism the conduct
of King may be in concealing the property subsequent to its
receipt by him from the officer, and in requiring Mrs. Cook to
pay the Kirchoff notes as a condition to its ransom, we think
the evidence wholly fails to show that Stacey was guilty of any
malicious, wanton or other misconduct when executing this
writ.    The proof shows that his assistants were admonished by
him to handle the goods with care, and not to make any unne-
cessary noise or display, and there is no satisfactory evidence
that they acted otherwise.    Mrs. Kirchoff, upon being notified
of their errand, and respectfully requested to point out the
property covered by the mortgage, and upon being informed
by King that they would take any articles that she would prefer

King v. Cook.

they should take, except the piano, refused to give them any information, and shut herself up in her room.  There is also some testimony to the effect that they were misled by wrong information given them by young Kirchoff, grandson of Mrs. Cook, and an inmate of the house.  Under these circumstances they did the best they could in selecting articles that apparently answered the description of those named in the writ. They were removed from the house by Stacey with all reasonable care, and turned over to King.  We see nothing in the conduct of the officer while engaged in the execution of his writ that should subject him to exemplary damages.  Unless, therefore, the sheriff is liable for the subsequent acts of the plaintiff in replevin, the assessment of exemplary damages was wrong.  Is he so liable?

We think that, both upon principle and authority, he is not.  In Higby v. Williams, 16 John. 215, it was held that where, in an action of trespass against several defendants who pleaded jointly not guilty, a joint trespass is proved, the plaintiff cannot give in evidence, in aggravation of damages, the distinct and unconnected acts of a part of the defendants. Chief-justice Spencer, in delivering the opinion of the Court, says:  "There can be no doubt that the court erred in admitting evidence of the unconnected and distinct acts of some of the defendants after a joint trespass was proved, for the purpose of enhancing the damages.  The principle has been established that if two or more defendants join in a justification of a trespass by a special plea, which would have been a justification to some of them had they pleaded separately, but which would not justify others of them, the plea is bad as to all.  The reason is, that the court cannot sever the justification, and say that one is guilty and the other is not, when they all put themselves upon the same terms.  But," he continues, " the rule is a very artificial one, and ought never to be extended beyond the very cases to which it has been applied; and it may safely be asserted that it has never been extended to the general issue of not guilty."

In 2 Hilliard on Torts, 292 (3d Ed.), it is said, " where an immediate act is done by the co-operation or the joint act of

two or more persons, they are all trespassers, and may be sued jointly or severally; and any one of them is liable for the injury done by all, even to the extent of exemplary damages; provided, however, either that they acted in concert or that the act of the party sought to be charged, ordinarily and naturally produced the acts of the others." It is not claimed that Stacey acted in concert with King in concealing the goods, nor in any other act relating to them, after he had turned the goods over to King on the replevin writ; nor will it be pretended that the act of Stacey in taking the goods and turning them over to King, "ordinarily and naturally," produced the subsequent acts of King in concealing the property and holding it as a hostage for the payment by Mrs. Cook of the Kirchoff notes.

But the Supreme Court of Illinois have also passed directly on this question. In Becker v. Dupree, 75 Ill. 167, it is held that to justify exemplary damages for a trespass to property, it must be shown that the defendant was actuated by malice or a reckless disregard of the plaintiff's rights; and when two are sued, and one of them is not chargeable with malice or recklessness, exemplary damages cannot be recovered against both. See, also, Beveridge v. Welch, 7 Wis. 465.

The rule may therefore be regarded as settled, that where two are sued in an action of trespass, and one of them is not chargeable with malice, wantonness or oppression. punitive or exemplary damages cannot be recovered against both, and the fact that they have joined in a plea of not guilty does not change the rule. Trespasses are joint and several, and if a plaintiff desires to recover exemplary damages, he should bring his suit against the person chargeable with that class of damages.

This rule applies with special force in the case of officers engaged in serving process. A sheriff is commanded by the writ of replevin to deliver the goods to the plaintiff, and he has no alternative but to obey. If, having obeyed, he is liable to be punished for the subsequent wrongful or malicious separate acts of the plaintiff, done without his knowledge, and wholly beyond his control, his office would certainly be a very dangerous one. True, he is entitled to an indemnifying bond, in a

C. & N. W. R. R. Co. v. Scheuring.

penal sum double the value of the property replevied, but bonds may become worthless, or the subsequent conduct of the plaintiff may be so gross as to justify damages to a greater amount than the penalty of the bond.

If, as I have endeavored to show, the sheriff is not liable for the acts of King done after the property was turned over to him, and if Stacey in executing the writ was guilty of no conduct rendering him amenable to exemplary damages, as we think he was not, it follows that the plaintiff's third instruction was erroneous.    It is as follows:

" If the jury believe, from the evidence, that a trespass has been committed in this case upon the goods and chattels of plaintiff by the defendant King, and that E. Stacey, at that time a deputy sheriff, was present and assisted in such trespass in his official capacity, then the defendant Bradley is equally liable with the defendant King, even to the extent of exemplary damages."

This instruction ignores the essential ingredient that authorizes exemplary damages, namely: that the trespass must be committed in a wanton, malicious or reckless manner.

We are of opinion that the judgment of the court below should be reversed and the cause remanded for a new trial.

Judgment reversed.

McAllister, J., having heard this case in the court below, took no part in the decision.