Wilson, J. This was an action of trespass brought by appellee against appellant, for the alleged taking and carrying away of certain articles of household furniture belonging to appellee. There was a jury trial, resulting in a verdict and judgment for appellee for $23.50. We have not been furnished with any brief on the part of appellee, but upon a careful reading of the evidence as set forth in the bill of exceptions, it is manifest the finding and judgment were unwarranted. Appellee occupied, as tenant of appellant, certain rooms in a house on North Glark street, which she hired out to roomers. Rent being due and in arrears, appellant issued his distress warrant to one Baleóme, who went to the premises, served his warrant upon appellee, took an inventory of the.furniture belonging to appellee, and placed one O’Neil in possession of the same as custodian, subsequently substituting in his place one Kennedy, who remained in possession until evening of the same day. when, thinking all would be safe, he went home, locking the front door and taking the key with him. After the custodian had left, aud at about half past eight or nine o’clock the same night, appellee removed all her effects out of the house through the back door into an alley, and thence into another house. She subsequently executed her promissory note to appellant in settlement of his claim for rent, which, however, as appears, she never paid. She testified that just before leaving she missed certain articles from her rooms, being the goods mentioned in the declaration, but there is no evidence that they were taken by Baleóme or by either of the custodians, both of whom swear that they neither touched nor removed anything. Whether the articles were taken away by roomers or were lost in the hurried removal in the night time, or how otherwise, is wholly conjectural. At the time of giving her note to appellant for the rent, appellee made no complaint that any of her goods were missing, and the first intimation appellant had that she claimed to have lost any was the commencement of the present suit. The burden of proof was upon the plaintiff to show the taking of the goods by appellant or by his authority or approbation. This the proof clearly failed to do. But if it had been shown that Baleóme or either of the custodians had tortiously taken the articles, for the taking of which this suit is brought, it does not follow that appellant would have been liable therefor. The delivery of a distress warrant to an officer or person with directions to execute it, does not render the landlord liable for the unauthorized and unapproved acts of the bailiff or his assistants. Becker v. Dupree, 75 Ill. 167; King v. Cook, 4 Bradwell, 525. In Cooley on Torts it is said “ Every party has a right to assume that the officer will proceed to execute lawful process in a lawful manner, and if instead of doing so the officer proceeds illegally, the party is not responsible unless he has participated in or advised the abuse.” Cooley on Torts, 468. Here appellant issued his distress warrant in a proper case, in due form, and to a proper person, with directions to distrain the goods of his tenant to satisfy the unpaid rent, and he gave no other directions. If the officer or his assistants, going outside of the limits of their authority, wrongfully took away any of the plaintiff’s goods, and such acts have not been sanctioned or subsequently ratified by appellant, he is not chargeable therefor. But there is no proof in the present record either of a ratification or of any taking. The judgment of the court below is reversed and the cause remanded. ¡Reversed and remanded.