Corkings v. Meier.

---

## Joseph W. Corkings, et al., v. Catherine Meier.

### Gen. No. 4,298.

1.   MEANS OF SUPPORT—*when instruction upon, in action for loss of, is erroneous.*   An instruction in such a case is erroneous which permits the jury to consider the plaintiff's poverty and the fact that she notified the defendant not to sell her husband liquor, in determining the questions as to whether such liquor was sold or given and did cause the intoxication complained of.

2.   INSTRUCTION—*must not assume facts in dispute.*   An instruction must not assume facts in dispute.

3.   EXEMPLARY DAMAGES—*when instruction upon, is erroneous.*   An instruction upon this subject is faulty where the jury might construe

it to mean that proof of a right to exemplary damages as against one defendant, would authorize the allowance of such damages against another.

Action on the case under Dram-Shop Act. Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed March 14, 1904. Rehearing denied April 14, 1904.

M. R. HARRIS and A. G. KENNEDY, for appellants.

JONES & ROGERS, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Appellee sued appellants together with other defendants, under section 9 of the Dram-Shop Act, for injuring her in her means of support, by selling and giving to her husband, Charles Meier, intoxicating liquors, causing him to become intoxicated, on account of which he failed to support appellee. The second count of the declaration charged defendants with so furnishing appellee's husband with intoxicating liquors after having been notified by her not to do so. There was a trial by jury, resulting in a verdict for plaintiff for $1,000, on which the court, after overruling motions for new trial, and in arrest, rendered judgment, and three of the defendants prosecute this appeal.

As this case must be reversed and remanded for another trial, we deem it improper to discuss the evidence further than to say, that while the testimony of plaintiff tended to prove the allegations of the declaration in the main, there was also proof on behalf of defendants tending to weaken some of appellee's contentions. Under this state of facts, the court gave to the jury the following instruction:

"You are further instructed that you have a right to take into consideration the poverty of the plaintiff, if shown by the evidence, the earning capacity of her husband so far as shown by the evidence, the squandering of his earnings as a result of his intoxication so far as shown by the evidence, the fact, if shown by the evidence, that the defendants were notified not to sell intoxicating liquors to the husband of the plaintiff, and all other facts and circum-

stances adduced on the trial so far as they bear upon the issues of this case, and give such facts and circumstances such weight as in your judgment they deserve."

The proof shows appellee's husband was in the habit of becoming intoxicated and that appellee at times was in destitute circumstances and was assisted to some extent by neighbors and the poor-master furnishing her and her children food, clothing and fuel. We are of opinion the giving of this instruction under the state of the proof was erroneous. The issues to be decided by the jury were whether the defendants had sold or given intoxicating liquors to appellee's husband; whether they had thereby produced his intoxication; whether because of such intoxication appellee had been injured in her means of support, and if so, how much, and whether the act of defendants in selling or giving liquor to her husband was so wanton and wilful and in such disregard of her rights as to entitle her to exemplary damages. On the questions as to whether the defendants did sell or give appellee's husband intoxicating liquors and whether such liquors caused his intoxication, in whole or in part, appellee's poverty, and whether she had notified defendants not to sell him liquors, could have had no bearing whatever; yet this instruction informs the jury that they may take these facts into consideration in determining the defendant's guilt. These matters might properly be considered in determining whether appellee was injured in her means of support by the intoxication of her husband, and whether she would be entitled to exemplary damages, but the instruction itself does not inform the jury to this effect, but leaves it to them to determine for themselves to what extent appellee's poverty bears on the issues involved in the case, and the same with reference to her notice to defendants not to sell her husband intoxicating liquors. Also, a less serious objection to this instruction is, that it assumes there was evidence showing that appellee's husband squandered his earnings as a result of his intoxication. Upon this point there was a conflict in the testimony and it should have been left to the jury, to determine from

the evidence, whether this was true, and also whether this injured appellee in her means of support.

We are also of opinion that appellee's third instruction is faulty in that the jury might well understand from it, that if the proof showed circumstances which would authorize exemplary damages against one defendant, then the jury might assess such damages against all of them. Neal v. Cummings, 75 Ill. 167; Boutwell v. Marr, 43 L. R. A. 303; Suth. on Damages, sec. 407, 3rd ed.; Pardridge v. Brady, 7 Ill. App. 639; Washington Gas Light Co. v. Lansden, 172 U. S. 534.

These faulty instructions were not cured by any others given by the court, and for the reasons given, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*