ELIZABETH KELL

v.

JOHN C. WORDEN.

*Filed at Mt. Vernon June 13, 1884.*

1. RIGHT OF REDEMPTION *from execution sale—whether subject to levy and sale.* The law is well settled that the right of redemption of a judgment debtor during the twelve months after his lands have been sold on execution, is not subject to levy and sale on another execution.

2. REDEMPTION *by judgment creditor—irregularity—waiver by accepting redemption money.* Where a junior execution is levied upon the land of the debtor within one year after its sale on a prior execution, but no redemption is made by the junior judgment creditor until after the year expires, if the holder of the certificate of purchase accepts the redemption money he will waive the irregularity in making the levy under the junior execution within twelve months from the prior sale.

3. EXECUTION SALE—*agreement as to extent of interest to be acquired by purchaser.* A, B and C owned a certain tract of land, each an undivided one-third. A's interest was passed by a sale under a deed of trust given by him, and D became the owner of such interest, subject to a judgment against A and B, which was a prior lien to that of the trust deed. D became the purchaser at the sale under execution on this judgment, E having the later judgment against A, and B, after the expiration of twelve months, redeemed from the first execution sale and levied upon the land, and to keep D from bidding at the sale, by an arrangement with B and D, agreed to bid off the land on his execution, and that the sale should in no manner affect the title held by D to the undivided one-third of the land, or the interest of A, he had bought under his deed of trust: *Held,* that the contract was a valid and binding one, and that E, by his purchase at the sheriff's sale, acquired only B's undivided one-third of the land.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. HAPPY & TRAVOUS, for the appellant:

The party entitled to redeem from a sale must avail himself of the right within the time prescribed by law. *Ross* v. *Mead et al.* 5 Gilm. 171.

A purchaser of mortgaged premises is not a creditor, and has only twelve months in which to redeem. *Dun* v. *Rogers,* 43 Ill. 261.

A redemption by a judgment creditor is never of the defendant's present estate, nor is the sale under the previous judgment of the defendant's interest. The judgment creditor can never redeem until the judgment debtor's rights are entirely gone, by the expiration of the twelve months within which he might have redeemed. *Sweezy* v. *Chandler et al.* 11 Ill. 451.

A redemption may be made under a judgment that was not a lien against property that had been conveyed by the judgment debtor before the lien could attach. *McLagan* v. *Brown et al.* 11 Ill. 519.

When real estate is sold on execution or decree of foreclosure, the taking of an assignment of the certificate of purchase, although to the party entitled to redeem, is not a redemption, and not being recorded, and affording no notice, will not prevent a judgment creditor from redeeming. *Moore* v. *Hopkins,* 93 Ill. 505; *McRoberts* v. *Conover,* 71 id. 524; *Lloyd* v. *Karnes,* 45 id. 62.

If the purchaser at the former sale accepts the redemption money, this will be a waiver of any irregularities intervening. *Blair et al.* v. *Chamblin et al.* 39 Ill. 522.

Messrs. Metcalfe & Bradshaw, for the appellee:

A judgment creditor in exercising the right of redemption must redeem in the manner prescribed by statute, or the redemption will be void. *Durley* v. *Davis,* 69 Ill. 133; *Stone et al.* v. *Gardner et al.* 20 id. 304.

No step towards a redemption can be taken until after the expiration of twelve months from the first sale. After the levy is indorsed, follow the other steps necessary to consummate the redemption. A debtor's right of redemption during

the twelve months is not subject to levy and sale. *Merry* v. *Bostwick*, 13 Ill. 398; *Watson* v. *Reissig*, 24 id. 281.

That which is not subject to levy is not subject to sale under the levy. If not subject to levy, the levy would be void, and the sale would be made as if no levy had been made. *Cook* v. *Chicago et al.* 57 Ill. 268.

By the arrangement at the sale, and by which Worden was induced not to bid, the sale was not to affect his one-third interest he derived under his mortgage, and this being honestly made, should be carried into effect.

By the acts, declarations and representations of appellant through her agents, Bond and Kell, the father and husband, who were acting for her, Worden was induced to occupy a position he would not otherwise have done. She is therefore estopped from disputing his rights. *Ball et al.* v. *Hooten*, 85 Ill. 159; *Noble* v. *Chrisman*, 88 id. 186.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by John C. Worden, for partition of certain lands in Madison county, the petitioner claiming an undivided third. It was also alleged in the bill that Emma E. Kell and Silas W. Kell each owned an undivided one-third of the lands described in the petition, subject to the homestead and dower rights of Nancy Kell. After the filing of the bill, Elizabeth Kell appeared in the cause and filed her interpleader, in which she set up title to an undivided two-thirds of the land, and she also denied that the complainant held the title set up by him in the bill.

It appears from the evidence introduced on the hearing, that the lands in controversy belonged originally to James Kell, who died intestate, and seized of the lands; that at the time of his death James Kell left surviving him Nancy Kell, his widow, and the following children: William F., Silas W., and Emma E. Kell, his only heirs. Thus far there

is no controversy in regard to the title, it being conceded on all hands that each of said children of James Kell, deceased, owned an undivided one-third of the lands. Worden, the complainant, claims to have procured the title to the undivided third held by William F. Kell, while appellant, Elizabeth Kell, claims to have procured the title to the undivided two-thirds held by both William F. and Silas W. Kell.

It appears from the evidence that on the 30th day of September, 1878, William F. Kell and wife executed and delivered to Worden a trust deed on their interest in the land, to secure the payment of a promissory note of $1500, which was duly recorded in the recorder's office. On default of payment of the note secured by the trust deed, the land was sold, under the power of sale contained therein, on the 10th day of November, 1879, and purchased by Worden,—and this is the title upon which he relies. Prior to the execution of the trust deed, however, and on August 16, 1878, one Wesley Bert obtained a judgment against William F. and Silas W. Kell, in the county court of Madison county, for $236.37, and costs. On the 13th day of September, 1878, execution was issued on the judgment, and levied on the interest of said defendants in the land, and on January 4, 1879, the land was sold, and bid off by Worden for $347.75. It also appears that on the 24th day of October, 1878, one Henry Breed recovered a judgment in the circuit court of Madison county against William F. and Silas W. Kell, for the sum of $207.38, and costs, upon which an execution issued on December 31, 1878, which on March 19, 1879, was levied on the same lands which had been sold on the former judgment. The lands not having been redeemed from the prior sale, within one year, on April 3, 1880, Breed deposited with the sheriff $438,—the amount required to redeem from the sale made in satisfaction of the Bert judgment. The sheriff issued a certificate of redemption, and on July 2, 1880, sold the lands, and Henry Breed became the purchaser for the amount

of the redemption money, and the sheriff executed a deed to him. On the 19th day of August, 1880, Breed conveyed the lands to Elizabeth Kell, wife of Silas W. Kell,—and this is the title relied upon by her for the undivided two-thirds of the land.

 · If the sale made by Breed, as a judgment creditor, conformed in all respects to the law, it would seem plain that appellant obtained the title to the undivided two-thirds of the land. But appellee contends, first, that the redemption proceedings were irregular, and the irregularity vitiated the sale; and second, on account of an agreement entered into by the parties on the day of sale, that the interest of William F. Kell did not pass by virtue of the sale.

It will be observed that the execution under which the redemption and sale were made, was issued and levied on the lands before the expiration of the year allowed the defendants to redeem,—and this is the irregularity relied upon to defeat the sale. The law is well settled that the right of redemption of a judgment debtor during the twelve months after his lands have been sold on execution, is not subject to levy and sale. *Merry* v. *Bostwick*, 13 Ill. 398, and *Watson* v. *Reissig*, 24 id. 281, clearly establish this rule. But in this case no effort was made to sell during the year. The levy was made and the execution was held by the sheriff until the twelve months had expired in which the defendants had to redeem, and then the money necessary to make the redemption was placed in the hands of the sheriff, and the redemption effected. Now, while the levy before the year expired may be regarded as irregular, the irregularity was waived by Worden, who held the certificate of purchase, and who, alone, is contesting the redemption, by his act in accepting the redemption money,—as held in *Blair* v. *Chamblin*, 39 Ill. 522. Worden, the purchaser at the former sale, having accepted the redemption money and made no objection, it will be presumed that he acquiesced in the redemption, and waived such irregularities as had occurred.

We now come to the other question. It will be remembered that Worden had purchased the interest of William F. Kell at the sale under the deed of trust, but the title was subject to the sale under the Bert judgment, which was a prior lien. When, therefore, a redemption had been made from the sale under the Bert judgment by Breed, it became necessary for Worden to protect his interest, which he might do by attending the sale and bidding in the property, which was, as appears, worth much more than the liens existing against it. The evidence shows that Worden appeared on the day the property was sold, and when it was learned he and others intended to bid at the sale, an arrangement was made between Worden and Breed, who held the judgment, and Silas W. Kell, the husband of appellant, who were the parties in interest, that the land should be struck off to Breed for the amount of the redemption money, for the benefit of Silas W. Kell, who agreed to pay a certain sum of money to Breed, and Breed agreed to convey to Kell or his assigns, but the sale was not in any manner to affect Worden's interest. This was, substantially, the agreement made by the parties, under which the land was sold and struck off to Breed, who subsequently, in pursuance of the arrangement, conveyed to appellant. We entertain no doubt that the parties interested had the right to agree that the title held by Silas W. Kell might alone be sold in satisfaction of the judgment under which the redemption was made and the land sold,—and this was, in substance, the arrangement agreed upon by the parties. Worden had acquired the title of William F. Kell, under the trustee's sale, and stood in his shoes so far as his one-third interest in the land was concerned. He also held the certificate of purchase under the former judgment sale. Silas W. Kell was the owner of the other third interest in the land, and was interested, of course, in protecting his interest. Breed was the redeeming judgment creditor. The three parties were the only persons interested as to the title to the

two-thirds of the land, and the judgment and liens upon it. Had the sale proceeded without any agreement, the title to the two undivided thirds would no doubt have passed to the purchaser; but the parties in interest saw proper to enter into a contract that the sale should in no manner affect the title held by Worden to the undivided one-third of the land, and we perceive no reason why they should not be bound by the contract. This was the view entertained by the circuit court, and we think it was correct.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*