## Niccolls v. Peninsular Stove Company.

1. *Mortgage—Power to Appoint a Receiver on Default.*—Where a mortgage provides for the payment of taxes and insurance of the buildings upon the premises, and, in case of a default, for the appointment of a receiver to collect rents, etc., during the pendency of foreclosure proceedings, *it is held* that a non-compliance with these provisions empowered the mortgagees to declare the indebtedness due, though not due by the tenor of the notes to secure the payment of which the mortgage was given, and to procure, through the medium of a receiver, to be appointed by the court, possession of the premises, and the application of the rents to the payment of such indebtedness. The courts of this State are vested with ample power and jurisdiction to enforce such contracts.

2. *Mortgagee's Right to Rents.*—The right of a mortgagee to rents secured by a mortgage can not be contracted away by the mortgagor.

3. *Practice—Exceptions to a Master's Report.*—A party dissatisfied with the master's report, must present exceptions thereto and obtain a ruling of the court below upon the same, from which an appeal will lie. Such exceptions can not be preferred for the first time in the Appellate Court.

**Memorandum.**—Suit in chancery to foreclose a mortgage. Decree for complainant. Appeal from the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed in part and reversed in part. Opinion filed October 17, 1892.

### APPELLANT'S BRIEF.

After conditions broken, the mortgagee may enter and render his security productive by the perception of the rents and profits.    Morse v. Titman, 44 Ill. 370.

It is assumed by all the authorities that if the rents are pledged by the mortgage, then there can be no question of the right of the mortgagee to the rents, after condition broken.    Even the payment of rents in advance is not binding upon the mortgagee.    1 Jones on Mortgages, Sec. 773.

KERRICK, LUCAS & SPENCER, solicitors for appellant.

### APPELLEE'S BRIEF.

The mortgagor was entitled to the rents until after foreclosure proceedings; it appeared that the mortgaged premises were inadequate.    Haas v. Chicago Building Soc., 89 Ill. 498; Moore v. Titman, 44 Ill. 367; Silverman v. N. W. Mut. Ins. Co., 5 Ill. App. 124.

The court will not permit a receiver to collect rents which have passed into the possession of a third person before a cause of foreclosure and appointment of a receiver accrued. M., V. & W. Ry. Co. v. U. S. Ex. Co., 81 Ill. 534; Teal v. Walker, 111 U. S. 242 (248).

The mortgagee has no right to affect the rights of the mortgagor in possession by filing a bill for foreclosure before a substantial default in the terms of the mortgage had occurred.    Knox v. Oswald, 21 Ill. App. 105; First Nat'l Bank v. Gage, 79 Ill. 207; Noble v. Greer, 28 Pacific Rep. 1004.

CALVIN RAYBURN, solicitor for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*
Cinderella Gardner and her husband executed a mortgage to the appellant to secure an unpaid balance of the purchase money of the mortgaged premises.

It was expressly provided by a clause in the mortgage that the mortgagors should pay the taxes each year upon

the premises, and should keep the buildings thereon insured for the benefit of the appellant; that a failure in either of these respects should authorize the appellant to declare the entire indebtedness secured by the mortgage to be due and to at once institute foreclosure proceedings. By a further clause of the mortgage it was provided that in case the appellant should begin proceedings for the foreclosure of the mortgage, that upon his application the court should appoint a receiver to collect the rents and profits of the premises and apply the same to the payment of the indebtedness to the appellant, and the mortgagors bound themselves by the same clause to surrender immediate and peaceable possession to any receiver so appointed.

The mortgagor, Gardner, was indebted to the appellee, and after the execution of the mortgage, and after it had been duly recorded, she, the appellee acting with her, leased the land to one Kontz for the term of one year, the tenant being required by the terms of the lease to pay rent to the appellee upon such antecedent indebtedness. For the use of a part of the premises, Kontz agreed to pay $180 cash rent, for which he executed a note to Rayburn, as attorney for the appellee, and for the use of the remainder of the premises Kontz agreed to pay the appellee, as rent, one third of all crops grown thereon.

The appellant, upon the ground that the mortgagor had failed to pay the taxes or to insure the buildings, as required, declared the debt secured by the mortgage to be due, though not due by the terms of the notes, and filed this bill in equity, asking for the foreclosure of the mortgage and for the appointment of a receiver, etc.

The necessary parties, including the appellee and the tenant, whose note the appellee held, were made defendants to the bill; answers and replications were filed, an order entered enjoining the appellee and Rayburn, its attorney, from transferring the note, and the cause referred to the master for proof and for his conclusion thereon. The report and findings of the master sustained the action of the appellant in declaring the debt due, and upheld his rights to maintain

the foreclosure proceedings, but recommended that the tenant and receiver pay to the appellee the amount of the note given for the part of the rent of the premises.

The appellant filed exceptions to the master's report, so far as it related to the disposition of the rent, but the court overruled the exceptions, sustained the report and entered a decree accordingly. The appellant excepted to the order of the court concerning the right of the appellee to the rent, and brings that question before us by this appeal.

The appellee did not except or in any way object to the master's report or to any of the findings of the master. In this court the appellee applied for and obtained leave to present cross-errors and thereby seeks to question the findings of the master as to the failure of the mortgagor to pay taxes and to keep the buildings insured, upon which the foreclosure proceedings rested.

We do not think this contention open for our examination.

The appellee might, and had it been dissatisfied with the conclusions of the master should, have presented exception to the report and obtained a ruling of the court thereupon, from which an appeal would lie; but exceptions to the report of the master can not be preferred for the first time in an appellate court. We think the appellee concluded by the approval, without objections upon its part, of the report of the master. It can not be allowed now to question the correctness of the finding of the master upon the evidence. Lowell v. Rock River Co., 101 Ill. 57.

By the force and effect of the agreements and conditions contained in the mortgage the right of mortgagors to the possession of the premises and to the enjoyment of the rent thereupon during the pendency of foreclosure proceedings and during the period allowed by the statute in which to make redemption was dependent upon compliance with the terms and provisions of the mortgage.

Non-compliance empowered the mortgagees to declare the indebtedness due, though not due by the tenor of the notes, and to procure through the medium of a receiver to be ap-

Niccolls v. Peninsular Stove Co.

pointed by the court, the possession of the premises, and the application of the rents to the payment of such indebtedness. We know of no reason why such agreements may not be entered into, and think the courts vested with ample power and jurisdiction to enforce them. Jones on Mortgages, Vol. 1, Sec. 773, 774, 775; Vol. 2, Sec. 1536; High on Receivers, Sec. 642, 643, 644, 688; Beach on Receivers, 532; 8 Amer. & Eng. Ency. of Law, pages 234 and 239, and authorities there cited.

After this mortgage was upon the records and while thus charged by law with notice of its terms and provisions, the appellee contracted with the mortgagor and his tenant for the application of the rents to the payment of an amount due it from the mortgagor.

The contract under such circumstances could only operate to transfer to the appellee such rights to possession and to the enjoyment of the rents as the mortgagor had, subject to be defeated as to it by anything that, under the mortgage, would defeat the right of the mortgagor. The appellee parted with nothing in the execution of the contract but sought only to secure and collect an existing debt. We are unable to perceive that it obtained any right or equity as against the mortgagee superior to that the mortgagor might have asserted against the mortgage.

The right of the appellant to the rents in question secured to him by the mortgage and the action of the court in appointing the receiver could not be contracted away by the mortgagor. We think the court erred in awarding any portion of the rents to the appellee.

In our judgment the decree should have declared the right of the appellant to the rents so far as necessary to the payment of his decree, and directed the receiver to so apply the money received as rents, or at least retain such money so received until after the sale of the premises by the master. If the master should, by a sale, realize enough to satisfy the appellant's decree and costs, then the money received for rent should be disposed of according to the contract between the mortgagor, the appellee company and the tenant.

So much of the decree as declares the right of the appellee company to the rents in question, and so orders its payment, must be reversed and remanded for further order in that respect, consistent with the views here expressed.    In all other respects the decree is affirmed.    Costs to be paid by the Peninsular Stove Co., the appellee.    Reversed and remanded in part and affirmed in part.