Clark v. John A. Logan Loan & Building Ass'n.

# David A. M. Clark et al. v. John A. Logan Mutual Loan and Building Association et al.

1. MARKET VALUES—*Of Lands.*—The market value of land is what it will bring in the open market under fair conditions, reasonable effort to find purchasers being made and reasonable time allowed in which to effect a sale.

2. RECEIVER—*Appointed for a Second Mortgage.*—On a foreclosure proceeding, on a cross-bill by a defendant holding a second mortgage to foreclose the same. the court may, where the circumstances warrant it, appoint a receiver upon the application of the holder of the second mortgage and deny an application for the same on the part of the holder of the first mortgage.

3. SAME—*Stipulation for Appointment of, in Mortgage.*—Where a mortgage contains a stipulation for the appointment of a receiver in case of a default in payment, to collect the rents and profits, the court will enforce the same unless there are good reasons shown why it should not.

**Mortgage Foreclosure.**—Appeal from an order appointing a receiver, by the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

## STATEMENT OF THE CASE.

This appeal is by the mortgagors from an order of the Circuit Court appointing a receiver to collect rents and profits under a cross-bill to foreclose a mortgage.

The application below was based upon two grounds:

First. That the mortgaged premises are inadequate security, and the owner of the equity of redemption is insolvent.

Second. The mortgages of complainant and cross-complainant provide that upon default being made in the payment of the principal, interest, taxes or assessments a receiver may be appointed.

The court below granted the application of the cross-complainant, who holds the second mortgage, for a receiver, and overruled the application of complainant, who holds the first mortgage.

APPELLANTS' BRIEF, STIRLEN & KING, ATTORNEYS.

The Supreme Court of Massachusetts approved an instruction which informed the jury that market value is not " to be limited to that price which the property would bring when forced off at auction under the hammer." Lawrence v. Boston, 119 Mass. 126.

Even an actual sale of personal property, at public vendue, is held to be "only evidence to be considered with other testimony in the case." Roberts v. Dunn, 71 Ill. 41.

" The market value is a near and perhaps the closest approximation to the true value." Dwight v. County Commissioners, 11 Cush. 201.

In order to authorize the appointment of a receiver upon mortgage foreclosure, to take possession of and collect the rents and profits arising from the mortgaged lands, it must be made to appear :

1.   That the value of the mortgaged land is less than the mortgage and superior liens.

2.   That the mortgagor or person liable upon the principal indebtedness is insolvent.

3.   That the owner of the equity of redemption or person in possession is insolvent. Haas v. Chicago Building Society, 89 Ill. 498; Silverman v. N. W. Mut. L. Ins. Co., 5 Brad. 124; 20 Am. & Eng. Enc. of Law, 37.

The appointment of a receiver is a remedy; it is a part of the procedure of courts of chancery to conserve and enforce equitable rights; but not an equity of itself. 20 Am. & Eng. Enc. of Law, 17; Bispham's Eq. Jur., Sec. 36.

Consent of the parties, before the court, will not avail to secure resort to the remedy in a case otherwise improper, or if the rights of other persons will be affected adversely, or put in danger of violation. Beach on Receivers, Sec. 54; High on Receivers, Sec. 7.

BRIEF OF THE JOHN A. LOGAN MUTUAL LOAN AND BUILDING ASSOCIATION, DUMMER & MALTMAN, ATTORNEYS.

A mortgage which pledges the rents and profits of property as well as the property itself, is a perfectly valid and

enforceable contract. Freedman's Saving Co. v. Shepherd, 127 U. S. 494; Am. Bridge Co. v. Heidelbach, 94 U. S. 799; Galena, etc., v. Menzies, 26 Ill. 122; Miss. Valley, etc., Co. v. U. S. Ex. Co., 81 Ill. 534; Gilman, etc., v. Ill. & Miss. Tel. Co., 91 U. S. 603.

The validity of the "receiver clause," so called, or its equivalent, has been passed upon directly and specifically by American courts, and so far, it is in every instance upheld. Warner v. Gouverneur's Exrs., 1 Barb. (N. Y.) 36; Whitehead v. Wooten, 43 Miss. 523; Morrison v. Buckner, Hemp. 442; Taylor v. Wabash R. R. Co., 8 Biss. 247; Leeds v. Gifford, 41 N. J. Eq. 464; Haas v. Chicago B. S., 89 Ill. 498; Allen v. Dallas & Wichita R. Co., 3 Woods 316.

DAVID G. ROBERTSON, attorney for appellees.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is quite true that the market value of land is not the price that it would bring at a forced sale; neither is it the sum that people may think the property is worth. The market value of land is what the land would bring in the open market under fair conditions, reasonable effort to find purchasers being made and reasonable time allowed in which to effect a sale. The market value is perhaps best shown by sales of land similar in nature and situation. 14 Am. & Eng. Enc. of Law, 468; Lawrence v. Boston, 119 Mass. 26.

In the present case not only were the rents and profits of the land pledged for the security of the second mortgage, (Oakford v. Robinson, 48 Ill. App. 270), but it appears that the mortgagors are insolvent and the property meager and scant security.

Nearly two years must elapse ere a purchaser, under these foreclosure proceedings, can obtain title to the premises. Not until fifteen months after a sale will the purchaser be entitled to possession. As a consequence a bidder must take into consideration the interest for that time on the money by him paid as well as the taxes that will in the meantime become payable.

It is manifest that no prudent trustee would now,. subject to the unpaid taxes, loan upon this property the sum to which the mortgages amount to nor would any court having control of a trust fund sanction such loan. While this is perhaps not in such a matter the best criterion as to the value of the property, it is indicative of the kind of security the holder of the second mortgage has.

It is urged that the affidavits as to the insolvency of the mortgagors are mere hearsay. There was quite conclusive evidence as to insolvency, aside from that presented by the affidavits. The fact of the default in the payment of interest, suffering the land to be sold for taxes, and the existence of three judgments with executions thereon, returned no property found, was, in the absence of any showing by the Clarks of their solvency, amply sufficient. It is not the case that the parties to this cause have, by contract, required or compelled the court to appoint a receiver. The parties made a contract which there is no reason why a court should not enforce. Hass v. Chicago Building Society, 89 Ill. 503; Nichols v. Peninsular Stove Co., 48 Ill. App. 317.

It is equitable that the claim of the mortgagees to these premises should be protected, and it would be contrary to equity that the mortgagors should be allowed, after their default, to retain the rents and profits and thus to defeat the mortgagees in their effort to obtain from the premises the payment of what the mortgagors owe.

The order of the Circuit Court is affirmed.