# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

---

## FIRST DISTRICT—OCTOBER TERM, 1896.

---

### Albert J. Stone v. Albert S. Tyler et al.

1. MECHANIC'S LIENS—*Scope of Decree.*—Where property, which is subject to a mechanic's lien, has been sold under a prior mortgage, it is proper to render a decree against the defendant for the amount due, to order execution thereon, and also to direct the property involved to be sold under such decree in case it is redeemed from the mortgage sale.

2. SAME—*When Receiver will be Appointed.*—Where property, which has been held to be subject to a mechanic's lien, has been sold under a prior mortgage, and the defendant has no property out of which an execution can be satisfied, it is proper to appoint a receiver for the property involved for the benefit of the holder of the mechanic's lien.

Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 30, 1896.

FRANK J. CRAWFORD and C. D. F. SMITH, attorneys for appellant.

EDWARD J. WALSH, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Since this case was here upon appeal from an interlocutory decree—63 Ill. App. 418—a final decree has been entered in favor of the appellees for $3,401.66, declaring and directing that "petitioners herein have and are hereby decreed a mechanic's lien upon whatever interest appellant

now has in and to said real estate and building superior to all liens and claims, except said Northwestern Life Insurance Company acquired under such sale of E. B. Sherman, master, on December 4, 1895, execution not to issue for the sale of the present interest of appellant unless he should, within the time allowed by law, redeem said real estate and building from said sale so made December 4, 1895, as provided by law, and, in that case, unless appellant shall before that time pay, or cause to be paid, amount decreed to be due petitioners from him, said master, or some other master, shall proceed to sell the said real estate and building to satisfy such amount, sale to be in accordance with statute govern- ing sales of real estate on execution by sheriffs; that the master shall make report to the court of such sale, and shall, out of proceeds of any such sale, pay costs, master's fee, and amount due petitioners under this decree, and deposit balance, if any, in court."

The decree continues the receiver, and provides further, that unless appellant "shall pay, or cause to be paid within ten days, from the date of this decree, to petitioners herein, or their solicitor, the said sum of $3,401.66, together with interest thereon at the rate of five per cent per annum from the date of the entry of this decree, and costs of this proceeding, including $142.50 paid the master herein for his fees, that execution issue against the said Albert J. Stone in favor of petitioners herein, for the amount of this decree, with interest and costs, less whatever may have been paid before that time by the receiver herein to petitioners, under this decree, as hereinabove provided."

The premises having been sold under the mortgage, it is contended by the appellant that there could be no decree thereafter to enforce the lien. Possibly the appellant may redeem; then the decree could be enforced. If he does not redeem, may not this decree give the appellees a right to redeem after the appellant's twelve months have expired ? Whitehead v. Hall, 148 Ill. 253.

Such decree is in accordance with Sec. 2 of the "Act to

revise the law in relation to liens," of March 25, 1874, in force when the lien in this case accrued, as well as section 1 of the present law, act of June 26, 1895, though the sale already had under the foreclosure prevents a compliance with Sec. 21 of the former act, and Sec. 19 of the present act. Kell v. Worden, 110 Ill. 310.

We hold that the sale under the mortgage did not prevent a decree for the appellees.

Sec. 25 of the former act, as well as Sec. 20 of the present act, by providing that execution may issue for any deficiency, imply that the decree will be personal as well as of foreclosure, upon which decree the net proceeds of the sale will be credited. When a sale in accordance with the letter of those sections is prevented by the sale of the premises under a prior lien, it is within the equity of those sections that an execution shall issue for the whole decree. Suppose that in the suit to foreclose the prior mortgage, the appellees had been made defendants, and they had filed their cross-bill or petition, and the decree had been for the mortgagees in the prior mortgage, fixing the amount, next for the appellees here, fixing the amount, and directing a sale, and the application of the proceeds, first in the mortgage, and next to the decree in favor of the appellees. In such case, would not the whole decree in favor of the appellees have been a deficiency, if the proceeds only satisfied the mortgage?

If that be so, what difference does it make in a court of chancery whether the same result is reached in one suit or two?

The objection to that feature of the decree is not valid.

The real contest between these parties is upon the receivership.

The former law did not make any provision for a receiver; the present law does. (Sec. 12.) Whether, as the proceedings under the former law were chancery proceedings (Paddock v. Stout, 121 Ill. 257), the court might appoint a receiver, need not be discussed. The provision for a receiver in the present law, relates wholly to the

remedy. Remedies, even in suits pending when a new law relating to them takes effect, are governed by such law. Templeton v. Horne, 82 Ill. 491.

The circumstances here justified the appointment of a receiver. The security upon the premises was practically gone. Nothing could be collected upon execution against the appellant. The rents issued out of property from which, as against the appellant, the appellees had the superior right to have satisfaction. What equity is there in permitting him to enjoy the rents while they get nothing? Clark v. Logan, etc., 58 Ill. App. 311; Haas v. Chicago Bldg. Society, 89 Ill. 498.

The whole decree is affirmed.