American National Bank and Trust Company of Chicago, Appellee (Called Franklin Trust and Savings Bank), v. Eda C. Morgan et al., Defendants. Appeal of 4201 South Michigan Building Corporation, Appellant.

Gen. No. 40,156.

Opinion filed January 11, 1939.

ALBERT SABATH, of Chicago, for appellant.

GOTTLIEB & SCHWARTZ, of Chicago, for appellee; IRVING T. ZEMANS, of Chicago, of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

On September 20, 1926, Eda C. Morgan, a widow, conveyed to the Franklin Trust and Savings Bank, as trustee, certain real estate in the city of Chicago, to secure an indebtedness evidenced by bonds in the amount of $65,000. The mortgage trust deed, in addition to the legal description of the mortgaged property, contained a provision that "to secure the payment of

the principal and interest of all of the bonds aforesaid, the mortgagor, by these presents, does convey and warrant unto the Trustee all those certain plots known as 4201 South Michigan Avenue, together with all the buildings, improvements and together with all the rents, issues and profits thereof (which are hereby specifically assigned), and together with all and singular the tenements." The mortgage trust deed also contained a provision that "in case default shall be made in the payment of the principal or interest or any due observance or performance of any covenant or condition, the Trustee may institute a suit to enforce and protect the rights of the bondholders as by specific performance or for foreclosure or for sale of the mortgaged property, as provided by law, or for the appointment of a Receiver of the mortgaged property and the rents, issues and profits thereof. Such receivership shall extend to the end of the period of the equity of redemption regardless of the entry of the deficiency decree." Thereafter and on October 13, 1926, Eda C. Morgan conveyed the premises hereinbefore referred to to Jesse Swader and Gertrude Swader, his wife, subject to taxes and assessments levied after the year 1925, and subject to the trust deed hereinbefore mentioned. Subsequently, a successor trustee filed a bill to foreclose the trust deed, and on June 30, 1932, a decree of foreclosure and sale was entered. The decree of sale found the amounts due on the bonds for the payment of which the trust deed was given as security, constituted "a lien upon this property and premises here in question, together with the improvements thereon, and together with all rents, issues and profits thereof, superior to the claims of all defendants." A master's sale was had of the property and on January 11, 1937, the court entered an order confirming the master's report of sale and distribution, and found that there was a deficiency of $45,750.11, "for which Eda C. Mor-

gan, Patrick W. Barrett, James J. Barrett and Timothy A. Barrett are personally liable, for which judgment is hereby entered, and for which the American National Bank and Trust Company of Chicago, Successor Trustee, shall have execution.'' The Swaders, grantees of Eda C. Morgan, were made defendants in the foreclosure proceeding and were defaulted. On November 30, 1937, the master issued a certificate of redemption to the 4201 South Michigan Building Corporation, which corporation had on November 26, 1937, acquired title to all of the interest of the Swaders in the property in question, by conveyance from the Swaders.

Prior to the entry of the decree of foreclosure and on June 26, 1935, the court had appointed a receiver for the mortgaged property and in the order of appointment it was provided that the tenants in possession should attorn to the receiver and pay the rents due, or to become due, on the property; that the receiver be authorized to rent the premises, or any part thereof, for terms not exceeding one year; to insure the premises and pay the current taxes, to take proper steps to collect the rents and to apply the balance on hand as directed by the court. On December 9, 1937, the 4201 South Michigan Building Corporation filed a petition in which it set forth the various steps taken and the orders entered, as hereinbefore recited, alleged ownership of the property and prayed that an order be entered directing the receiver to surrender possession of the property to the petitioner; that the receiver file an accounting of all rents received therefrom after December 1, 1937, and to pay such sums to the petitioner, and in the alternative, that leave be given by the court to petitioner to institute suits at law against the receiver for wrongfully detaining the property after redemption. After a hearing on this petition, and on February 4, 1938, the court entered certain findings and an order. The court found, in effect, that

the American National Bank and Trust Company of Chicago, the successor trustee, had a first, prior and superior lien on all rents derived from the property and premises, for a period of 15 months following the sale and foreclosure proceeding held on December 1, 1936, that the deficiency decree is unpaid and unsatis- fied, that the trustee is entitled to the rents, issues and profits until March 1, 1938, and that the petitioner is not entitled to either said rents or possession of the property by virtue of the redemption made by peti- tioner until after March 1, 1938. The court ordered that the petition of the 4201 South Michigan Building Corporation be denied and dismissed. This is an ap- peal from that order.

The petitioner, the 4201 South Michigan Building Corporation, contends that as grantees from the Swaders, and by redemption from the sale within one year after such sale was made, it is entitled to the rents, issues and profits from the date of redemption. The American National Bank and Trust Company, on the other hand, contends that by virtue of the provisions of the trust deed, the decree of foreclosure and sale, the order of the appointment of the receiver and the deficiency decree, it has a lien upon the rents, issues and profits of the property and premises for 15 months from the date of the foreclosure sale, which is the full statutory period of redemption as established by stat- ute, and that it has and had a right during all of said period to have the rents sequestered for application upon the unsatisfied portion of the indebtedness found to be due by the decree, and that the right to redeem, and the exercise thereof by the building corporation, did not terminate the trustee's right to the rents and to the possession of the property. It is further con- tended by the trustee that the order of February 4, 1938, fully recognized the legal and equitable rights of the complainant and that they were fixed by such order.

In *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140, a trust deed contained provisions almost identical with those in the instant case, and the same issue, in effect, was raised there as is raised here, and in holding that the mortgagee was entitled to the rents for the full period of redemption, the Supreme Court said:

"Under this clause in the mortgage a lien is given, by express words, upon the rents and profits, and such an equitable lien a court of equity will enforce. . . .

"Had there been no deficiency after the foreclosure sale . . . , the rents would have belonged to the owner of the equity of redemption. Under the express agreement in the mortgage, there being a deficiency . . . after the sale, the Illinois Steel Company [mortgagee] had an equitable right to have the rents and profits applied towards the payment of the deficiency decree, from the time of the foreclosure sale until the expiration of the time of redemption . . . ."

In *Niccolls v. Peninsular Stove Co.,* 48 Ill. App. 317, the exact question arose as is presented in this case, and the same contention was made by the person claiming the rights to the rents and profits for the same period as is in issue here. It is here to be noted that the Swaders who were both made parties to the foreclosure proceeding, made no objection to the master's report, or to his findings, or to the decree, and that no appeal was prosecuted therefrom. In the *Niccolls* case, the Supreme Court said:

"The appellee did not except or in any way object to the master's report or to any of the findings of the master. In this court the appellee applied for and obtained leave to present cross-errors and thereby seeks to question the findings of the master as to the failure of the mortgagor to pay taxes and to keep the buildings insured, upon which the foreclosure proceedings rested. . . .

"The appellee might, and had it been dissatisfied with the conclusions of the master, should have presented exception to the report and obtained a ruling of the court thereupon, from which an appeal would lie; but exceptions to the report of the master cannot be preferred for the first time in an appellate court. We think the appellee concluded by the approval, without objections upon its part, of the report of the master. It can not be allowed now to question the correctness of the finding of the master upon the evidence. *Lowell v. Rock River Co.*, 101 Ill. 57.

"By the force and effect of the agreements and conditions contained in the mortgage the right of mortgagors to the possession of the premises and to the enjoyment of the rent thereupon during the pendency of foreclosure proceedings and during the period allowed by the statute in which to make redemption was dependent upon compliance with the terms and provisions of the mortgage.

"Non-compliance empowered the mortgagees to declare the indebtedness due, though not due by the tenor of the notes, and to procure through the medium of a receiver to be appointed by the court, the possession of the premises, and the application of the rents to the payment of such indebtedness. We know of no reason why such agreements may not be entered into, and think the courts vested with ample power and jurisdiction to enforce them. Jones on Mortgages, Vol. 1, Sec. 773, 774, 775; Vol. 2, Sec. 1536; High on Receivers, Sec. 642, 643, 644, 688; Beach on Receivers, 532; 8 Amer. & Eng. Ency. of Law, pages 234 and 239, and authorities there cited. . . .

"The right of the appellant to the rents in question secured to him by the mortgage and the action of the court in appointing the receiver could not be contracted away by the mortgagor. We think the court erred in awarding any portion of the rents to the appellee.

"In our judgment the decree should have declared the right of the appellant to the rents so far as necessary to the payment of his decree, and directed the receiver to so apply the money received as rents, or at least retain such money so received until after the sale of the premises by the master. If the master should, by a sale, realize enough to satisfy the appellant's decree and costs, then the money received for rent should be disposed of according to the contract between the mortgagor, the appellee company and the tenant."

In *Moore v. Titman,* 44 Ill. 367, in considering a similar situation to that presented here, the Supreme Court stated that "after the condition is broken, the mortgagee may enter and render his security productive by the perception of the rents and profits."

We have examined the great number of cases cited by counsel on both sides, but we feel that the law is so clearly stated in the cases cited here, that further citation of authority is unnecessary. Our conclusion is that the petitioner, the 4201 South Michigan Building Corporation, has no further or greater rights than the maker of the notes and trust deed and the Swaders, and that the court was right in awarding the rents and profits to the trustee in the mortgage in payment of the deficiency judgment. The court was therefore, also right in dismissing the intervening petition of the 4201 South Michigan Building Corporation.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

HEBEL and DENIS E. SULLIVAN, JJ., concur.